(No. 41163.▬▬▬▬▬▬)

FLORENCE HORNOF *et al.*, Appellants, *vs.* THE KROGER CO. *et al.*, Appellees.

*Opinion filed September 24, 1968.*

JOHN E. W. TIMM, ARTHUR F. SIEBEL, GEORGE D. CROWLEY, KENART M. RAHN, and PHILIP F. SIMON, all of Chicago, for appellant A. L. Fleischman.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. O'TOOLE, Assistant Attorney General, of Chicago, for appellee State of Illinois.

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, ARVEY, HODES & MANTYNBAND, and WINSTON, STRAWN, SMITH & PATTERSON, all of Chicago, (THOMAS M. THOMAS, THOMAS F. DEAN, HERMAN SMITH, and RICHARD W. AUSTIN, of counsel,) for other appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This appeal is a clear attempt to inject new issues and to relitigate the appeal in Docket No. 39669, opinion in which was released on May 23, 1966, and is reported in 35 Ill.2d 125.

The only issue originally was the constitutionality of the 1963 and 1965 amendments to the Illinois Retailers' Occupation Tax Act (Ill. Rev. Stat. 1963, 1965, chap. 120, par. 440), and the Illinois Use Tax Act (Ill. Rev. Stat. 1963, 1965, chap. 120, par. 439.2), which extended the retailers' occupation tax and use tax to transactions where trading stamps were redeemed for merchandise. The circuit court of Cook County found the amendments unconstitutional and issued injunctions directing that taxes collected under the amendments be held in separate protest funds pending outcome of the litigation. We reversed and remanded with directions.

After denial of rehearing and dismissal of an appeal to the United States Supreme Court, plaintiffs filed a motion in the trial court to set the cause for hearing on apportionment of the protest fund. The motion was denied and a decree was entered dissolving the injunctions, directing the transfer of the monies held in the protest funds to the General Revenue Fund and dismissing the several complaints for want of equity.

This appeal is predicated upon the assumption that by remanding after reversal this court intended the trial court to conduct further proceedings apparently in the nature of accounting. Plaintiffs contend that the trial court did not follow the mandate of this court.

Our remanding order in No. 39669 read: "The decree of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion with respect to the tax monies held in protest funds." The issues raised on the first appeal were thereby all disposed of.

Upon remandment the trial court properly denied plain-

tiffs' right to inject new issues, dissolved the injunctions, directed the transfer of all monies held in the protest funds to the General Revenue Fund and dismissed the complaints. Our mandate authorized those actions and permitted nothing more.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*