KURT ROSENBAUM, Plaintiff-Appellee, *v.* JEAN ROSENBAUM, Defendant-Appellant.

First District (2nd Division)    No. 80-506

Opinion filed March 17, 1981.—Rehearing denied April 9, 1981.

Jean Rosenbaum, of Chicago, for appellant, *pro se.*

Kurt Rosenbaum, of Chicago, for appellee, *pro se.*

Marinakis & Marinakis, of Chicago (Christ G. Marinakis, of counsel), for appellee Louis Kontopoulos.

Mr. PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

This is the third appeal of this cause by Jean Rosenbaum (defendant). In the first appeal, the court reversed a divorce decree granted to Dr. Kurt Rosenbaum (plaintiff), and declared a partition judgment invalid. The divorce action was remanded with instructions to dismiss. The partition action was remanded for further proceedings. (*Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 349 N.E.2d 73.) On remand the trial court, after a hearing, entered another decree for partition and sale. This court affirmed the partition and eviction issues raised in the second appeal, but found that the trial court had improperly apportioned plaintiff's attorney's fees from the sale proceeds of the subject property and remanded the cause, directing the trial court to recalculate the distribution. *Rosenbaum v. Rosenbaum* (1978), 65 Ill. App. 3d 228, 382 N.E.2d 270.

This appeal is taken from the following orders entered by the trial

court upon the 1978 remand: denial on January 24, 1980, of defendant's motion for modification of an order entered December 26, 1979, which sought retroactive interest on $1,750 attorney's fees repaid to her on that date; denial on February 8, 1980, of her motion for a court order stating that she is entitled to receive an income tax deduction for real estate taxes repaid to plaintiff; vacatur on January 24, 1980, of the order of December 26, 1979, which had required Louis Kontopoulos, the successful bidder at the public sale of defendant's house, to return to her certain personal property allegedly left in the house; and denial on February 8, 1980, of defendant's motion to add special findings to orders entered January 24, 1980. For the following reasons, we affirm.

On December 26, 1979, the trial court's recalculation awarded plaintiff costs of $90, and excluded from the sale proceeds the $3,500 in attorney's fees which had been disallowed by this court. Defendant was awarded $1,750, representing one-half of the attorney's fees awarded by the decree of partition and sale. The trial court also declared that defendant was not entitled to accrued interest on that sum prior to the date of entry of the December 26 order, since plaintiff's counsel rather than plaintiff had been in possession of the money. This issue was subsequently reopened by defendant on January 24, 1980, but her motion to modify the December 26 order regarding retroactive interest was denied.

During the December 26 hearing defendant also moved the trial court for the return of certain of her personal property allegedly in the possession of Kontopoulos, and the court ordered Kontopoulos to return the property. Kontopoulos was not represented at the hearing, but he appeared at the January 24, 1980, hearing, and moved the court to vacate the order of December 26, 1979. The trial court first found that Kontopoulos was a party since he had obtained a writ of assistance in these proceedings. Kontopoulos then testified that he was not in possession of any of the property specified by defendant, although the latter testified that on the date of her eviction she could see some of the property from outside the house and "knew" that other property was still there. She also testified that a tenant of Kontopoulos, who lived in the house six to eight months after the eviction, informed her that her property was still there. The trial court, after hearing the testimony, granted Kontopoulos' motion to vacate the December 26 order.

On February 8, 1980, defendant moved the trial court "to enter an order specifically stating that she is to be awarded the income tax deduction for the $10,692.60 in taxes repaid to Kurt Rosenbaum," and further moved that the court add to the two orders entered on January 24, 1980, the special finding "that there is no just reason to delay enforcement of or appeal from this order." Both motions were denied.

■■ We first address defendant's contention that the trial court erred in vacating, on January 24, 1980, its order of December 26, 1979, directing Kontopoulos to return to her certain of her personal property. Defendant both questions Kontopoulos' status as a party and requests relief from this court as to him. No formal appearance was filed for him, yet defendant served Kontopoulos with a notice of motion; he testified at the January 24, 1980, hearing; he was served with a notice of appeal; and he has filed a brief as appellee before this court. The parties, including Kontopoulos, proceeded at the trial court level treating him as though he had been joined formally as a party, and he shall be so considered here. Ill. Rev. Stat. 1979, ch. 110A, par. 366(a)(2); *Brown v. VanKeuren* (1930), 340 Ill. 118, 122, 172 N.E. 1; *Marsh v. Green* (1875), 79 Ill. 385, 387; *In re Sparrow* (1978), 59 Ill. App. 3d 731, 735, 376 N.E.2d 236; *Leffers v. Hayes* (1945), 327 Ill. App. 440, 64 N.E.2d 768.

■■ Next, we consider the trial court's finding that Kontopoulos was not in possession of defendant's property. Much of the evidence presented by defendant was hearsay. Only two witnesses appeared before the court: herself, and Kontopoulos. We will not substitute our judgment as to the credibility of witnesses for that of the trial court, unless the latter's judgment is against the manifest weight of the evidence. (*Haight v. Board of Education* (1975), 29 Ill. App. 3d 48, 329 N.E.2d 442; *Kropp Forge Co. v. Jawitz* (1962), 37 Ill. App. 2d 475, 186 N.E.2d 76.) Such is not the case here. For that reason also, it is not necessary to address defendant's argument that she is entitled to damages from Kontopoulos under the exemption act for withholding property (Ill. Rev. Stat. 1979, ch. 52, pars. 13(c), 15, 17).

■■ Defendant also maintains that the trial court erred in refusing to declare that she is entitled to an income tax deduction for that portion of the real estate taxes repaid to plaintiff which were deducted from her share of the partition proceeds. She contends that such an order of the trial court would be respected and followed by the Internal Revenue Service and the Federal courts. The motion for such a declaration was properly denied. The trial court's order strictly adhered to the appellate court's mandate. When a case is reversed and remanded by a reviewing court with specific instructions, the trial court may only undertake such further proceedings as to conform to those instructions. (*House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 48, 245 N.E.2d 468; *Hornof v. Kroger Co.* (1968), 40 Ill. 2d 545, 240 N.E.2d 658.) Defendant's reliance upon *Moulding-Brownell Corp. v. E. C. Delfosse Construction Co.* (1940), 304 Ill. App. 491, 26 N.E.2d 709, for the principle that issues not determined by the appellate court may be adjudicated by the trial court upon remand, is, in this regard, misplaced. In that case, a mechanic's lienor alleged that, after the appellate court affirmed the trial court's decree that

it possessed a lien on certain property for $5,200, the trial court had no right to determine upon remand the relative priorities of other parties as to the property in order to direct proper distribution of the proceeds of its sale. The court found that such determination by the trial court manifested the obvious purpose of the original decree, and was in accordance with the recognized procedure in such cases. By contrast, in the instant case, this court did not expressly or implicitly authorize the trial court to determine the tax liabilities of the parties, and such a determination is not the usual procedure in a case such as this. Defendant's citation of Supreme Court Rule 369(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 369(b)) is similarly inapposite, since it applies to dismissal or affirmance, whereas in the instant case the cause was remanded with specific directions. *Rosenbaum v. Rosenbaum*, 65 Ill. App. 3d 228, 234.

■■ Further, the question of who should be accorded a tax deduction is not an actual controversy here; rather, defendant admits she has already claimed the deduction and it has been allowed. The question therefore is moot and academic. (See *In re Matter of Creager* (1944), 323 Ill. App. 594, 56 N.E.2d 649.) Any attempts to evaluate such an issue would, at best, call for an advisory opinion. It is, therefore, not reviewable by this court. (*In re Estates of Rice* (1979), 77 Ill. App. 3d 641, 396 N.E.2d 298; *In re Johnson* (1977), 53 Ill. App. 3d 921, 369 N.E.2d 70.) The Illinois public interest exception to the mootness rule (*In re Johnson*), upon which defendant relies, is inapplicable in the instant case, as there is little or no likelihood of future recurrence of the income tax issue, as required to bring it within the exception. *In re Johnson*, 53 Ill. App. 3d 921, 925.

■■ Finally, defendant contends that since a judgment was entered September 6, 1977, directing her to pay one-half of plaintiff's counsel's legal fees, and because the appellate court reversed that order and directed that she be repaid, the interest on the sum to which she is entitled should accrue on September 6, 1977, the date of the original judgment, rather than on December 26, 1979, when the trial court directed repayment of her recalculated share of the partition proceeds. She claims support from *Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, 202 N.E.2d 512; however, that case merely holds that interest accrues when a judgment is entered. Neither *Pinkstaff* nor *Penn Central Co. v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (7th Cir. 1970), 433 F.2d 943, also cited by her, speaks to the instant situation, wherein a portion of the original judgment was reversed and a new judgment entered on remand following recalculation of the distribution. In such cases, where the exact amount owed is not calculated until the disposition of the case following remandment, interest on the judgment runs from the date of the new decree. (*Presbyterian Distribution Service v. Chicago National Bank* (1962), 36 Ill. App. 2d 1, 183 N.E.2d 525.) The rationale underlying this

rule is that the judgment debtor cannot tender the amount of the judgment, thereby halting the accrual of interest, until the amount owed is determined upon remandment. *Thatch v. Missouri Pacific R.R. Co.* (1979), 69 Ill. App. 3d 48, 386 N.E.2d 1180; *Gatto v. Walgreen Drug Co.* (1974), 23 Ill. App. 3d 628, 320 N.E.2d 222; *rev'd on other grounds* (1975), 61 Ill. 2d 513, 337 N.E.2d 23.

*Toro Petroleum Corp. v. Newell* (1975), 33 Ill. App. 3d 223, 338 N.E.2d 491, cited by defendant, supports this position. In that case the interest on the original judgment of $1,500 was computed from the date of its entry on February 22, 1972, to August 23, 1974, the date the amount due was increased to $20,000. Interest on $20,000 then accrued from August 23, not February. Thus, the judgment debtor was not expected to pay interest on the increased amount of the judgment until the amount due was determined. Similarly, in the instant case, interest did not accrue until the amount due was finalized on December 26, 1979.

For the foregoing reasons, the judgment of the trial court must be affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.