CHARLES P. OWENS, Plaintiff-Appellee, v. RACHAEL A. STOKOE, Ex'x of the Estate of James S. Stokoe, Deceased, Defendant-Appellant.

Third District   No. 3—87—0535

Opinion filed June 7, 1988.

David R. Sinn and Karen L. Kendall, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

James R. Carter, of Strodel, Kingery & Durree, of Peoria, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

A jury found that the defendant, dentist James S. Stokoe, had negligently performed surgery on the plaintiff, Charles P. Owens. The jury determined that the plaintiff had suffered $40,000 in damages, but further found that the plaintiff was 75% contributorily negligent and reduced the award to $10,000. The plaintiff filed a motion for judgment notwithstanding the verdict, asking the trial court to overturn the jury's finding of contributory negligence. Following the court's denial of the motion, the plaintiff appealed to this court.

On appeal, we held that it was error to place the issue of contributory negligence before the jury. (*Owens v. Stokoe* (1985), 140 Ill. App. 3d 355, 485 N.E.2d 537, *aff'd* (1986), 115 Ill. 2d 177, 503 N.E.2d 251.)

We therefore reversed the portion of the judgment finding the plaintiff 75% contributorily negligent and entered a $40,000 judgment for the plaintiff.

The trial court subsequently ruled that, under section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1303), the plaintiff was entitled to interest on the entire $40,000 award from the time of the original jury verdict. The defendant appeals, contending that the plaintiff is entitled to interest on only $10,000 of the award from the time of the jury verdict and is entitled to interest on the remaining $30,000 from the time of our ruling.

■ The parties cite no cases on point with the instant facts and we find none. The defendant urges, however, that this case be treated as one where an appellate court increased an award granted in a trial court. In such cases, interest on the increased portion of the award is available only after the appellate court or the trial court on remand enters judgment. *Toro Petroleum Corp. v. Newell* (1974), 33 Ill. App. 3d 223, 338 N.E.2d 491; *Rosenbaum v. Rosenbaum* (1981), 94 Ill. App. 3d 352, 418 N.E.2d 939.

■ The plaintiff contends that our previous ruling rendered the 75% reduction a nullity and therefore that interest on the entire $40,000 award should run from the time of the original jury verdict. The plaintiff bases his position on our holding that "no proper issue of contributory negligence was presented in the trial" and on our further holding that the plaintiff's post-trial motion for judgment notwithstanding the verdict should therefore have been granted. Noting that a judge may render a jury verdict "completely meaningless" by entering judgment *non obstante verdicto* (*In re Marriage of Davies* (1983), 95 Ill. 2d 474, 448 N.E.2d 882), the plaintiff reaches his conclusion that our ruling rendered the 75% reduction a nullity. Thus, states the plaintiff, as a matter of law the only proper verdict in the case was the verdict for $40,000 and judgment interest should be computed on that amount from the date of the original verdict.

In support of his position, the plaintiff cites cases in which the jury awards were vacated by the trial or appellate court, and then were reinstated by a higher court. In such cases, interest on the award was computed from the time of the original jury verdict. *Gnat v. Richardson* (1942), 378 Ill. 626, 39 N.E.2d 337.

Both parties present plausible arguments based on reasonable extrapolations from the existing case law. Further analysis of the interest statute and its interpretative case law reveals, however, that only the defendant's interpretation of section 2—1303 comports with the basic policy considerations underlying application of the statute.

■ Section 2—1303 of the Code of Civil Procedure provides in pertinent part:

> "When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." Ill. Rev. Stat. 1985, ch. 110, par. 2—1303.

Section 2—1303 is in derogation of common law and must be strictly construed. (*City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 413 N.E.2d 394.) An award of interest on a money judgment requires that the amount of money owed is certain and that the judgment debtor enjoyed improper use of the money during the period for which interest is to be awarded. *Robinson v. Robinson* (1986), 140 Ill. App. 3d 610, 488 N.E.2d 1349.

■ Thus, in *Rosenbaum v. Rosenbaum* (1981), 94 Ill. App. 3d 352, 356-57, 418 N.E.2d 939, the court stated: "In such cases, where the exact amount owed is not calculated until the disposition of the case following remandment, interest on the judgment runs from the date of the new decree. [Citation.] The rationale underlying this rule is that the judgment debtor cannot tender the amount of the judgment, thereby halting the accrual of interest, until the amount owed is determined upon remandment."

Similarly, in *Thatch v. Missouri Pacific R.R. Co.* (1979), 69 Ill. App. 3d 48, 386 N.E.2d 1180, the jury awarded the plaintiff $249,200, upon which verdict the trial court entered judgment. On appeal, the reviewing court ruled that the jury should have been allowed to consider the plaintiff's contributory negligence. A new trial was held on the issue of damages and a verdict returned awarding the plaintiff $236,740. The trial court granted the plaintiff interest on this sum from the time of the original verdict. On appeal, the reviewing court stated that since the exact amount of damages was not known at the time of the original verdict, it would be inequitable to compel the defendant to pay interest from that time, when by the terms of section 2—1303 it could not have prevented accrual of interest. Further, noted the court, it would have been unwise for the defendant to tender payment of the original award, knowing that such payment would probably be in excess of the final award, that the plaintiff would have the use of money rightfully belonging to the defendant, and that the

defendant would then have to collect the excess payment from the plaintiff.

■ In the instant case, the plaintiff's argument rests upon the assumption that the setting of an exact amount of damages triggers the accrual of interest. Accordingly, the plaintiff contends that our decision retroactively nullified the 75% reduction of his award, thereby leaving the $40,000 award standing from the time of the original verdict and accruing interest from that time.

In most cases, the plaintiff would be correct that the setting of a definite amount triggers the accrual of interest. However, that is only because generally at that time the defendant is afforded the opportunity to tender the amount owed and thereby forestall the accrual of interest. The triggering event is not the setting of a definite amount by itself, but the setting of a definite amount so that the judgment debtor has a reasonable opportunity to avoid accruing interest.

In the instant case, it is irrelevant whether our original decision applied retroactively and in effect nullified the contributory negligence reduction. The defendant did not have a reasonable opportunity to forestall the accrual of interest on the $30,000 in question, because he could not reasonably be expected to foresee our decision. Further, it is inequitable to have expected the defendant to tender $40,000 when there existed only an enforceable judgment for $10,000. Also, it would have been unwise on the defendant's part to tender that amount.

Based on our analysis, we find that the trial court erred in awarding interest on the entire $40,000 from the time of the original verdict. Accordingly, we modify the trial court's order to allow interest on only $10,000 from the time of the jury verdict. The remaining $30,000 shall accrue interest only from the time of our previous decision on appeal.

The judgment of the circuit court of Tazewell County is affirmed as modified.

Affirmed as modified.

STOUDER and SCOTT, JJ., concur.