(No.75060

ENVIRITE CORPORATION, Appellee, v. THE IL-
LINOIS ENVIRONMENTAL PROTECTION
AGENCY *et al.*, Appellants.

*Opinion filed February 17, 1994.*

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Alison E. O'Hara, Assistant Attorney General, of Chicago, of counsel), for appellant Illinois Environmental Protection Agency.

Robin R. Lunn and Michael O'Neil, of Chicago, and Brian J. Meginnes and Robert M. Riffle, of Peoria, all of Keck, Mahin & Cate, for appellant Peoria Disposal Co.

Mohan, Alewelt, Prillaman & Adami, of Springfield (Stephen F. Hedinger, of counsel), for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

The question presented for review is whether the producer of hazardous waste in this case, who sent the waste to a treatment and disposal facility, was required to obtain authorization from the Illinois Environmental Protection Agency for disposal of the waste in Illinois, separate and apart from the treater's authorization. We hold that the Illinois Environmental Protection Act did not require the producer to obtain such authorization.

## BACKGROUND

Envirite Corporation operates a hazardous waste treatment facility in Cook County, Illinois. Peoria Disposal Company operates a hazardous waste treatment facility in Peoria County, Illinois. Each facility is capable of treating certain hazardous wastes, including those designated "F006" and "F019" by the United States Environmental Protection Agency (EPA).

Envirite's treatment process neutralizes the F006 and F019 wastes so as to render them officially nonhazardous, or "delisted," according to EPA standards. The nonhazardous waste is then deposited in a nonhazardous waste landfill.

Peoria Disposal's treatment process combines the F006 and F019 wastes with other wastes, and then subjects this mixture to a chemical stabilization process. The resulting residue has a substantially inhibited ability to leach, but, at the time of the proceedings below, remained officially "listed" as a hazardous waste product. The Illinois Environmental Protection Agency (Agency) authorizes Peoria Disposal to dispose of this end-waste in Peoria Disposal's hazardous waste landfill. This authorization is required for "generators" of haz-

ardous waste pursuant to section 39(h) of the Illinois Environmental Protection Act (Act) (415 ILCS 5/39(h) (West 1992)).

Production Plated Plastics (PPP) is a Michigan company that produces F006 hazardous waste. In 1981, Envirite and Peoria Disposal submitted bids to PPP for the treatment and disposal of PPP's waste. PPP awarded the contract to Peoria Disposal. Peoria Disposal accepted and treated PPP's waste, and disposed of the stabilized end-waste in its hazardous waste landfill. PPP has not obtained the section 39(h) authorization from the Agency.

Envirite filed a complaint with the Illinois Pollution Control Board (Board) against Peoria Disposal and the Agency. (415 ILCS 5/31(b) (West 1992).) Citing PPP's lack of section 39(h) authorization, Envirite claimed that Peoria Disposal violated the Act by accepting, treating, and disposing of PPP's waste. (415 ILCS 5/21(e), 39(h) (West 1992).) Envirite also alleged that the Agency violated the Act by failing to end Peoria Disposal's practice despite Envirite's requests to the Agency to take action. 415 ILCS 5/30, 31(a) (West 1992).

The Board, on the Agency's motion, dismissed the Agency from the proceeding. The Board concluded that the Agency is not subject to an enforcement action brought under section 31(b) of the Act. (See *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 556-57.) The Board also granted Peoria Disposal's motion for summary judgment. The Board concluded that PPP was not a "generator" and that Peoria Disposal was, within the meaning of section 39(h) of the Act.

Envirite petitioned the appellate court for review of the Board's decision. (415 ILCS 5/41(a) (West 1992).) The appellate court affirmed the Board's decision in part and reversed in part. The court affirmed the Board's dismissal of the Agency from the action. The court reversed

the Board's determination that Peoria Disposal did not violate section 39(h) of the Act. (239 Ill. App. 3d 1004, 1009.) The court remanded the cause for reinstatement of the action against Peoria Disposal.

The Agency and Peoria Disposal jointly petitioned for leave to appeal. (134 Ill. 2d R. 315(a).) We allowed the petition and now reverse the appellate court's determination that Peoria Disposal violated section 39(h) of the Act.

## DISCUSSION

We note at the outset our standard of review. The Act provides that judicial review of the Board's decisions be in accordance with the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1992)). (415 ILCS 5/41(a) (West 1992).) The Administrative Review Law provides that our review extends to all questions of law and fact presented by the entire record. (735 ILCS 5/3—110 (West 1992).) The rule that an administrative agency's findings of fact should not be disturbed unless they are against the manifest weight of the evidence does not apply where the question involved is one of law, such as the proper interpretation of a statute. Rather, in such a case, the Board's finding is not binding on the court. *City of Freeport v. Illinois State Labor Relations Board* (1990), 135 Ill. 2d 499, 507, 516.

At issue in this case is, Who is the "generator" of Peoria Disposal's end-waste for purposes of section 39(h) of the Act? The appellate court held that an original producer of hazardous waste such as PPP is a "generator" within the meaning of section 39(h), in addition to a waste treater such as Peoria Disposal. Therefore, PPP must obtain separate section 39(h) authorization to dispose of its waste in Illinois. Since PPP lacked such authorization, Peoria Disposal violated the Act by treating and disposing of PPP's waste. 239 Ill. App. 3d at 1009.

The legislature amended section 39(h) of the Act subsequent to the appellate court's decision and while the cause was pending in this court. It is settled that where the legislature changes the law pending an appeal and where no vested rights are involved, the case must be disposed of by the reviewing court under the law as it then exists, not as it was when the decision was made by the lower court. (*Bates v. Board of Education, Allendale Community Consolidated School District No. 17* (1990), 136 Ill. 2d 260, 268-69; *Hughes v. Illinois Public Aid Comm'n* (1954), 2 Ill. 2d 374, 378.) There is no vested right in the continuance of a law. The legislature has an ongoing right to amend a statute. (*People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, 373.) Accordingly, we must review the Board's order in light of section 39(h) as amended. See *Illinois Chiropractic Society v. Giello* (1960), 18 Ill. 2d 306, 310; *Hughes*, 2 Ill. 2d at 378-79.

Section 3.12 of the Act defines "[g]enerator" as "any person whose act or process produces waste." (415 ILCS 5/3.12 (West 1992).) Section 39(h) of the Act, as amended, provides in pertinent part:

"(h) A hazardous waste stream may not be deposited in a permitted hazardous waste site unless specific authorization is obtained from the Agency by the generator and disposal site owner and operator for the deposit of that specific hazardous waste stream. The Agency may grant specific authorization for disposal of hazardous waste streams only after the generator has reasonably demonstrated that, considering technological feasibility and economic reasonableness, the hazardous waste cannot be reasonably recycled for reuse, nor incinerated or chemically, physically or biologically treated so as to neutralize the hazardous waste and render it nonhazardous. *** For purposes of this subsection (h), the term 'generator' has the meaning given in Section 3.12 of this Act, unless: (1) the hazardous waste is treated, incinerated, or partially recycled for reuse prior to disposal, in which case the last person who treats, incinerates, or partially recycles the

hazardous waste prior to disposal is the generator ***."
Pub. Act 88—320, eff. August 12, 1993 (amending 415 ILCS 5/39(h) (West 1992)).

The controlling principles are quite settled:

" 'It is a primary rule in the interpretation and construction of statutes that the intention of the legislature should be ascertained and given effect. [Citations.] This is to be done primarily from a consideration of the legislative language itself, which affords the best means of its exposition, and if the legislative intent can be ascertained therefrom it must prevail and will be given effect without resorting to other aids for construction. [Citations.] There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports.' (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350.)" *Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 194.

Accord *County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151.

The amendment to section 39(h) of the Act added the last quoted sentence ("For purposes of this subsection ***"). The amendment expressly provides that only the last hazardous waste treater, in this case Peoria Disposal, is the "generator" for purposes of section 39(h). The amendment to section 39(h) of the Act requires reversal of the appellate court.

Further, the appellate court's determination that PPP was a "generator" within the meaning of section 39(h) of the Act is not supported by the unamended version of that provision. The court began its analysis as follows:

"Because statutory interpretation requires us to ascertain the true intent of the legislature, we find guidance in legislative debates pertaining to the proposed legislation." 239 Ill. App. 3d at 1007.

We repeat that a court should first look to the statutory language as the best indication of legislative intent without resorting to other aids for construction. (*County of Du Page*, 109 Ill. 2d at 151.) Where the

language of a statute is plain and unambiguous, a court need not consider its legislative history. *Village of Carpentersville v. Pollution Control Board* (1990), 135 Ill. 2d 463, 469-70; *County of Du Page*, 109 Ill. 2d at 152; *City of East Peoria v. Pollution Control Board* (1983), 117 Ill. App. 3d 673, 679.

The plain language of the unamended section 39(h) expressly requires that only the generator of "that specific hazardous waste stream" that is deposited in a landfill must obtain Agency authorization prior to disposal. It is undisputed that Peoria Disposal combined PPP's F006 waste with other wastes and then subjected this mixture to a chemical stabilization process, which resulted in a new residue. Based on these undisputed facts, we agree with the Board that Peoria Disposal and not PPP was the generator of this specific hazardous waste stream, which Peoria Disposal deposited in its landfill.

The appellate court agreed with Envirite that this reasoning erroneously focuses on the term " 'specific hazardous waste stream.' " (239 Ill. App. 3d at 1007, quoting Ill. Rev. Stat. 1989, ch. 111 1/2, par. 1039(h).) However, a court should not attempt to read a statute other than in the manner in which it was written. In applying plain and unambiguous language, it is not necessary for a court to search for any subtle or not readily apparent intention of the legislature. (*Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 215-16.) The appellate court had to look no further than the plain language of the Act itself.

For the foregoing reasons, that part of the judgment of the appellate court, which reversed the decision of the Illinois Pollution Control Board, is reversed, and the decision of the Board is confirmed.

*Appellate court judgment reversed;*
*Board decision confirmed.*