CHARLES BASSETT, Plaintiff-Appellee and Cross-Appellant, v. THE PEKIN POLICE PENSION BOARD *et al.*, Defendants-Appellants and Cross-Appellees.

Third District   No. 3—04—0693

Opinion filed November 15, 2005.

LYTTON, J., specially concurring.

Cary J. Collins (argued) and Robert Bell (argued), both of Hoffman Estates, for appellants.

Gary E. Orr (argued), of East Peoria, for appellee.

PRESIDING JUSTICE SLATER delivered the opinion of the court:

Defendant Pekin Police Pension Board (the Board) terminated the pension of plaintiff Charles Bassett, a former Pekin police officer, after he was convicted of a felony. The Board authorized a refund of plaintiff's pension contributions after subtracting more than $40,000 that plaintiff had received in benefits. On administrative review, the circuit court determined that plaintiff was entitled to a full refund of his contributions. The Board now appeals from the circuit court's decision; plaintiff has cross-appealed from the Board's denial of interest. We affirm and remand.

## Facts

After contributing to the Pekin police pension fund for 29 years, plaintiff began receiving pension benefits in December of 2002. On August 28, 2003, plaintiff was convicted of the felony offense of official misconduct in connection with the misappropriation of funds at the police department. The Board subsequently terminated plaintiff's benefits effective October 1, 2003. Plaintiff's $94,404.24 in contributions to the pension fund were refunded to him, reduced by the $40,218.10 in benefits plaintiff had received. This resulted in a refund totaling $54,186.14. Plaintiff filed a complaint for administrative review in the circuit court of Tazwell County alleging that he was entitled to a full refund of all his contributions to the pension fund without any offset for the benefits he had received. Plaintiff also asserted that he was entitled to interest on the refunded amount. Relying on *Shields v. Judges' Retirement System*, 204 Ill. 2d 488, 791 N.E.2d 516 (2003), the circuit court held that plaintiff was entitled to a full refund of his pension fund contributions, but it denied his request for interest. The Board now appeals from the court's ruling

and the plaintiff has cross-appealed from the denial of interest. We affirm and remand.

## Analysis

### Standard of Review

In reviewing a decision under the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2002)), we review the decision of the administrative agency rather than that of the circuit court. *XL Disposal Corp. v. Zehnder*, 304 Ill. App. 3d 202, 709 N.E.2d 293 (1999). An agency's findings of facts are held to be *prima facie* true and correct and will not be disturbed unless they are against the manifest weight of the evidence. *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 606 N.E.2d 1111 (1992). However, questions of law, such as the proper interpretation of a statute, are reviewed *de novo. Shields*, 204 Ill. 2d 488, 791 N.E.2d 516; see *Envirite Corp. v. Illinois Environmental Protection Agency*, 158 Ill. 2d 210, 632 N.E.2d 1035 (1994).

### The Pension Code

■ Plaintiff's pension benefits were terminated pursuant to section 3—147 of the Illinois Pension Code (Pension Code), which provides in part:

"§ 3—147. Felony conviction. None of the benefits provided in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his or her service as a police officer.

This Section shall not impair any contract or vested right acquired prior to July 11, 1955 under any law continued in this Article, *nor preclude the right to a refund.*" (Emphasis added.) 40 ILCS 5/3—147 (West 2002).

■ As the language emphasized above indicates, while a police officer convicted of a felony forfeits his right to pension benefits, he may receive a refund of his contributions to the pension fund. Section 3—124 of the Pension Code addresses the issue of refunds, but it is limited to situations where a police officer is separated from service with less than 20 years service, or where an officer dies with less than 10 years service:

"§ 3—124. Refund. A police officer who is separated from police service after June 30, 1953 with less than 20 years of service is entitled to a refund upon request of all contributions made by the officer to the police pension fund.
\*\*\*
If a police officer dies with less than 10 years of police service,

the officer's contributions to the police pension fund shall, upon written request of his or her surviving spouse, be refunded to the spouse without interest. If upon the death of a police officer, there is no surviving spouse, the excess of the officer's contributions to the fund over any pension payments shall be refunded to his or her heirs or estate. Acceptance of this refund shall bar the police officer's dependents or estate from any further participation in the benefits provided under this Article." 40 ILCS 5/3—124 (West 2002).

Since there is no specific statutory provision governing refunds when a police pension is terminated under section 3—147, the Board relied on *Phelan v. Village of LaGrange Park Police Pension Fund*, 327 Ill. App. 3d 527, 763 N.E.2d 343 (2001). *Phelan* examined sections 3—124 and 3—147 and held that while the former section did not apply when a pension was terminated due to a felony conviction, the latter section entitled the felon to a refund. Construing the statutes together led the court to conclude that the refund was limited to the amount that the contributions exceeded the benefits which had been paid. Otherwise, the *Phelan* court stated, a pensioner whose benefits were terminated by a felony conviction would be treated more favorably than a police officer whose benefits where terminated by separation or death. See *Phelan*, 327 Ill. App. 3d at 536, 763 N.E.2d at 350.

In reversing the Board's order and ruling that plaintiff was entitled to a full refund of his pension contributions, the circuit court relied on the supreme court's decision in *Shields*, 204 Ill. 2d 488, 791 N.E.2d 516. *Shields* addressed the same issue presented in this case: whether a pensioner whose benefits are forfeited as a result of a felony conviction is entitled to a full refund of his contributions without deduction for the benefits he had received prior to the forfeiture. In *Shields*, however, the pension was from the Judges Retirement System (40 ILCS 5/18—101 *et seq.* (West 2002)) rather than the Police Pension Fund (40 ILCS 5/3—101 *et seq.* (West 2002)). The Board contends that this distinction limits the *Shields* holding to cases involving judicial pensions, leaving *Phelan* as the controlling authority with regard to police pensions. We disagree.

The *Shields* court examined two statutory provisions: section 18—163 and section 18—129 of the Pension Code. Section 18—163 is the judicial pension forfeiture provision, and it is nearly indistinguishable from its police pension counterpart:

"§ 18—163. Felony conviction. None of the benefits herein provided shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his or her service as a judge.

This Section shall not operate to impair any contract or vested right acquired before July 9, 1955 under any law or laws continued in this Article, *nor to preclude the right to a refund.*" (Emphasis added.) 40 ILCS 5/18—163 (West 2002).

Indeed, *Shields* described sections 3—147 and 18—163 as "identical." *Shields*, 204 Ill. 2d at 494, 791 N.E.2d at 521. The *Shields* court noted that section 18—163 contained no limitation on the right to a refund: "In other words, the right to the refund is unconditional." *Shields*, 204 Ill. 2d at 497, 791 N.E.2d at 521.

The *Shields* court also considered the various provisions concerning refunds contained in section 18—129 of the Pension Code. This section, much like section 3—124, provides for refunds of contributions under certain conditions, including death or upon ceasing to be a judge. See 40 ILCS 5/18—129(a) through (g) (West 2002). However, because none of the provisions of section 18—129 addressed the situation where benefits have been forfeited due to a felony conviction, the *Shields* court ruled that section 18—129 had no application to those circumstances. Accordingly, in light of the unconditional nature of the right to a refund granted by section 18—163, the court concluded that it was not permissible to reduce that refund by pension benefits which had already been received:

"[I]f the Board were permitted to deduct Shield's benefits from his total contributions, it would, in effect, be recouping benefits rightfully paid to Shields prior to his conviction. That result would be incompatible with our determination that the right to a refund is unconditional." *Shields*, 204 Ill. 2d at 497, 791 N.E.2d at 521.

■ Given that the forfeiture provisions governing judicial and police pensions are essentially identical, the right to a refund of contributions to the police pension fund granted by section 3—147 is no less unconditional than that granted by section 18—163. In addition, just as the refund provisions of section 18—129 have no application to the forfeiture of a judicial pension, section 3—124 contains no reference to forfeiture of a police pension and is therefore similarly inapplicable. In short, there is simply no principled distinction between the circumstances presented in *Shields* and those presented here. Accordingly, we find that, pursuant to *Shields*, plaintiff is entitled to a full refund of his contributions to the police pension fund, undiminished by any benefits he received prior to termination.

## Cross-Appeal

■ Plaintiff has cross-appealed from the Board's denial of interest on his refunded contributions. Plaintiff's claims for interest encompass three distinct time periods. First, plaintiff contends that interest

should be calculated from the time he began making contributions to the pension fund until the date of the Board's decision that terminated his pension benefits and awarded him a partial refund. We disagree.

The general rule in Illinois is that interest is not recoverable unless provided for by agreement of the parties or by statute. *Ochoa v. Maloney*, 69 Ill. App. 3d 689, 387 N.E.2d 852 (1979); see also *Department of Transportation v. New Century Engineering & Development Corp.*, 97 Ill. 2d 343, 454 N.E.2d 635 (1983). Section 3—147 of the Pension Code does not provide for a refund with interest, and plaintiff cites no statutory authority for his claim. Indeed, the only reference to interest in the context of a police pension is the provision in section 3—124 concerning an officer who dies with less than 10 years service. Under those circumstances, the surviving spouse may receive a refund of the pension contributions *without* interest. See 40 ILCS 5/3—124 (West 2002). We find no error in the refusal by the Board to award plaintiff prejudgment interest.

Plaintiff next claims that he is entitled to 6% interest on the unpaid amount of $40,218.10 from the time that the Board issued its decision on January 12, 2004, until the date of the circuit court's decision on August 6, 2004. We disagree.

Section 2—1303 of the Code of Civil Procedure (Code) provides that when judgment is entered upon any award, report or verdict, interest shall be earned from the time the award is made at the rate of 9%, or at the rate of 6% when the judgment debtor is a governmental entity. The debtor may stay the accrual of interest by tendering payment of the judgment. 735 ILCS 5/2—1303 (West 2004). In *Owens v. Stokoe*, 170 Ill. App. 3d 179, 524 N.E.2d 755 (1988), this court applied section 2—1303 in a case where the judgment was increased on appeal. The plaintiff in *Owens* was awarded $40,000 in damages but that amount was reduced to $10,000 based on the jury's determination that plaintiff was 75% contributorily negligent. On appeal, the contributory negligence finding was reversed and a judgment of $40,000 was entered for plaintiff. On remand, the trial court ruled that the plaintiff was entitled to interest on the entire $40,000 from the time of the original jury verdict. We reversed that ruling, finding that the defendant did not have a reasonable opportunity to prevent the accrual of interest because he could not have been expected to foresee the reversal of the $10,000 judgment. Furthermore, it would have been inequitable to expect the defendant to tender $40,000 when an enforceable judgment existed only for $10,000. This court also noted that in cases where an appellate court increases an award granted in a trial court, "interest on the increased portion of the

award is available only after the appellate court or the trial court on remand enters judgment." *Owens*, 170 Ill. App. 3d at 181, 524 N.E.2d at 756; see also *Rosenbaum v. Rosenbaum*, 94 Ill. App. 3d 352, 418 N.E.2d 939 (1981).

Based on *Owens*, we find that plaintiff is not entitled to interest on the increased amount of contributions refunded to him. The Board should not have been expected to foresee that its decision would be reversed by the circuit court, nor would it be equitable to require it to tender an amount greater than it believed was proper. Accordingly, section 2—1303 of the Code does not apply.

In its brief, the Board contends that plaintiff is not entitled to interest on the disputed amount from the time of its decision until the circuit court's ruling. The Board then asserts, however, that if interest *is* due, section 2 of the Interest Act (815 ILCS 205/2 (West 2004)) is the applicable statutory provision. We disagree.

Section 2 provides in part:

"§ 2. Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any *bond, bill, promissory note, or other instrument of writing* \*\*\*." (Emphasis added.) 815 ILCS 205/2 (West 2004).

In *Fenton v. Board of Trustees*, 203 Ill. App. 3d 714, 561 N.E.2d 105 (1990), the court held that section 2 applied to a judgment against a police pension board that had denied a disability pension to the plaintiff. The *Fenton* court based its decision on the fact that the term "other instrument of writing" had been applied to construction contracts, insurance policies, real estate listing contracts and leases, which were "no more like bonds, bills or promissory notes than is the pension agreement, in that they all are writings creating an indebtedness." *Fenton*, 203 Ill. App. 3d at 723, 561 N.E.2d at 111. Therefore, since the terms and conditions of the pension fund were *written* in the Illinois Pension Code, the *Fenton* court held that the pension agreement was an "other instrument of writing" and section 2 applied. *Fenton* was subsequently followed in *Barber v. Board of Trustees of the Village of South Barrington Police Pension Fund*, 256 Ill. App. 3d 814, 630 N.E.2d 446 (1993) (police disability pension); *Martino v. Police Pension Board*, 331 Ill. App. 3d 975, 772 N.E.2d 289 (2002) (police disability pension); and *Barry v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 357 Ill. App. 3d 749, 828 N.E.2d 1238 (2005) (firemen's widows' death benefit annuity).

We disagree with the conclusion of *Fenton* and its progeny that the Pension Code qualifies as an "other instrument of writing" under section 2 of the Interest Act for two reasons. First, as the *Fenton* court

recognized, under the principle of *ejusdem generis*, the phrase "other instrument of writing" should be construed to refer only to writings similar to the "bond[s], bill[s], [or] promissory note[s]" listed in the statute. 815 ILCS 205/2 (West 2004); see *Fenton*, 203 Ill. App. 3d 714, 561 N.E.2d 110. In our opinion, the provisions of the Pension Code have little in common with bonds, bills, promissory notes, or other instruments of indebtedness.

Second, *Fenton*'s analysis is contrary to the rule that interest statutes are to be strictly construed; nothing will be read into them by intendment or implication. *In re Special Education of Walker*, 131 Ill. 2d 300, 546 N.E.2d 520 (1989); *Spina v. Toyota Motor Credit Corp.*, 301 Ill. App. 3d 364, 703 N.E.2d 484 (1998). Accordingly, we decline to adopt *Fenton*'s expansive interpretation of section 2, and we find that it does not apply to plaintiff's judgment.

Finally, plaintiff maintains that he is entitled to 6% interest under section 2—1303 of the Code on the circuit court's judgment of $40,218.10 from the August 6, 2004, date it was rendered until the date of payment. The Board concedes this issue. We remand for calculation of this amount.

For the reason stated above, the judgment of the circuit court reversing the Board's decision and granting plaintiff a full refund of his pension contributions is affirmed. The denial of prejudgment interest is also affirmed. This cause is remanded for the calculation of post-judgment interest pursuant to section 2—1303 of the Code.

Affirmed and remanded.

O'BRIEN, J., concurs.

JUSTICE LYTTON, specially concurring:

Although I concur with the majority opinion, I find the entire discussion of the Interest Act superfluous. It is unnecessary to the opinion because we have determined that the plaintiff was owed no interest on the increased amount of contributions refunded to him. Thus, I do not join in the *dicta* that needlessly challenges an entire line of Illinois cases.