2017 IL App (1st) 162607
No. 1-16-2607
September 29, 2017

SECOND DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| HOLLY SHACKELFORD, on behalf of Herself and all others similarly situated, | ) ) ) | Appeal from the Circuit Court Of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 15 CH 14972 |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | ) ) ) | The Honorable Kathleen G. Kennedy, Judge Presiding. |
| Defendant-Appellee. | ) ) | |

PRESIDING JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Justice Pucinski concurred in the judgment and opinion.
Justice Mason dissented, with opinion.

**OPINION**

¶ 1    An arbitrator entered an award in favor of Holly Shackelford on a claim she made against

Allstate Fire and Casualty Insurance Company. Shackelford filed a complaint in which she

prayed for entry of judgment on the award plus post-award interest. The circuit court granted

Allstate's motion to dismiss the complaint for failure to state a cause of action. We hold that

Shackelford adequately stated a claim for relief, and therefore, we reverse the circuit court's judgment and remand for further proceedings on the complaint.

¶ 2                                                BACKGROUND

¶ 3        On October 7, 2012, Raul Cuzco's car collided with Carole McCurdy's car, injuring Shackelford, a passenger in McCurdy's car.  Shackelford sued Cuzco, but his insurer was insolvent.  Shackelford sought to recover from McCurdy's insurer, Allstate, under the uninsured motorist provision in McCurdy's insurance policy.  Shackelford and Allstate agreed to arbitrate the claim.  The arbitrator entered an award, dated June 30, 2015, providing:

> "I, THE UNDERSIGNED ARBITRATOR ***, AWARD *** Holly Shackelford *** $16,000.00[.]
>
> This is a gross Award.  Per the request of Counsel at the June 19, 2015 Hearing, all applicable set-offs and liens to be resolved by the Parties and their Attorneys."

¶ 4        On October 13, 2015, Shackelford filed a complaint in which she alleged that Allstate had not paid the award, and she sought a "judgment against Allstate in the amount of her individual award, plus interest due" under section 2-1303 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1303 (West 2014)).  Shackelford also alleged that "Allstate has adopted a pattern and practice of failing to pay interest on awards."  She asked the court to certify the class of all persons who (1) made a claim against Allstate, (2) received an award or a judgment, and (3) did not receive from Allstate statutory interest on the award or judgment.  Shackelford sought a judgment against Allstate in the amount of unpaid interest due to all members of the class.

2

¶ 5    The circuit court granted Allstate's motion to dismiss the complaint, but granted Shackelford leave to amend. In the amended complaint, Shackelford alleged that after October 13, 2015, but before the filing of the amended complaint, Allstate sent her a check for $14,000. She changed her prayer for relief, asking for "confirmation of [the arbitrator's] award," along with interest on the award.

¶ 6    Allstate filed a motion to dismiss the amended complaint under section 2-615 of the Code. 735 ILCS 5/2-615 (West 2014). The circuit court dismissed the complaint with prejudice. Shackelford now appeals.

¶ 7                                                        ANALYSIS

¶ 8    We apply familiar rules to review the dismissal of a complaint under section 2-615:

"A section 2-615 motion to dismiss (735 ILCS 5/2-615 (West 2002)) challenges the legal sufficiency of a complaint based on defects apparent on its face. [Citation.] Therefore, we review de novo an order granting or denying a section 2-615 motion. [Citation.] In reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts. [Citation.] We also construe the allegations in the complaint in the light most favorable to the plaintiff. [Citation.] Thus, a cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006).

¶ 9    Shackelford obtained an arbitrator's award, and in her complaint she sought confirmation of the award. We find that she stated a viable claim for entry of a judgment confirming the

3

arbitrator's award. See 710 ILCS 5/11 (West 2014). We note that the Illinois Uniform Arbitration Act does not list satisfaction of the award as grounds for the court not to enter a judgment on the award. See 710 ILCS 5/12, 5/13 (West 2014). Accordingly, we must reverse the judgment dismissing Shackelford's complaint and remand for further proceedings.

¶ 10    The parties on appeal argue primarily about whether Shackelford also stated a claim for interest on the award. To assist the circuit court on remand, and in the interest of judicial economy, we address the arguments. See *Central City Education Association v. Illinois Educational Labor Relations Board*, 149 Ill. 2d 496, 524 (1992) (Issues have been raised in this case which are likely to reappear on remand, and in the interest of judicial economy the court will examine them now). Shackelford sought an award of interest under section 2-1303 of the Code, which provides:

> "Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied ***. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." 735 ILCS 5/2-1303 (West 2014).

¶ 11        On the issue of interest on awards, "the case law reveals a fair measure of confusion." *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.*, 157 Ill. 2d 282, 300 (1993). Courts have sometimes referred to section 2-1303 as "the post-judgment interest provision" of the Code. *Carswell v. Rosewell*, 150 Ill. App. 3d 168, 171 (1986). Our supreme court noted the inaccuracy of that terminology, and said:

> "To avoid possible confusion over terminology, we have adopted in this opinion the term 'judgment interest statute' to generally refer to section 2-1303. This provision *** provides for interest to accrue on awards, reports, and verdicts as well as judgments. Interest that accrues on reports, awards, and verdicts may be viewed as a form of 'prejudgment' interest to distinguish it from the interest that accrues on the judgment itself ('post-judgment' interest)." *Illinois State Toll*, 157 Ill. 2d at 296 n.1; see also *Eclipse Manufacturing Co. v. United States Compliance Co.*, 381 Ill. App. 3d 127, 141 (2007).

¶ 12        The court in *Ryan v. Kontrick*, 304 Ill. App. 3d 852, 859 (1999), referred to a plaintiff's request for interest on an arbitrator's award as one for "post-award/prejudgment interest," and held that section 2-1303 set the appropriate interest rate for the period from the date of entry of the award to the date of the judgment confirming the award.

¶ 13        Here, the arbitrator entered an award in favor of Shackelford for $16,000, but made the award subject to "all applicable set-offs and liens to be resolved by the Parties and their Attorneys." Allstate argues that the qualification makes the award too indefinite to permit the accrual of interest. In general, "[a]n award of interest on a money judgment requires that the amount of money owed is certain and that the judgment debtor enjoyed improper use of

5

the money during the period for which interest is to be awarded." *Owens v. Stokoe*, 170 Ill. App. 3d 179, 182 (1988).

¶ 14     However the weight of authority supports the principle that "[e]ntry of an arbitration award on a contract represents a liquidated sum which is within the statute; therefore, it accrues interest. [Citations.] However, where a liquidated claim is offset by an unliquidated claim arising out of the same general transaction, interest is allowed only on the balance due." *Recreational Development Co. v. American Construction Co.*, 749 P.2d 1002, 1004 (Colo. App. 1987). A California court restated the principle: "Ordinarily, where the amount of a demand is sufficiently certain to justify the allowance of interest thereon, the existence of a set-off, counterclaim, or cross claim which is unliquidated will not prevent the recovery of interest on the balance of the demand found due from the time it became due." *Worthington Corp. v. El Chicote Ranch Properties*, 63 Cal. Rptr. 203, 209 (1967), quoting 47 C.J.S. Interest § 19, at 31 (1946). Another California court explained that "prejudgment interest is calculated on the *net* amount owed and, therefore, the defendant is not required to pay interest on the portion of the debt rightfully withheld." (Emphasis in original.) *Watson Bowman Acme Corp. v. RGW Construction, Inc.*, 206 Cal. Rptr. 3d 281, 294 (Cal. Ct. App. 2016). A Wisconsin court held that "[o]rdinarily, where the amount of a demand is sufficiently certain to justify the allowance of interest thereof, the existence of a set-off, counterclaim, or cross claim which is unliquidated will not prevent the recovery of interest on the balance of the demand found due from the time it became due." *De Toro v. Di-La-Ch, Inc.*, 142 N.W.2d 192, 195 (Wisc. 1966). Ohio courts follow the same general principle: "[w]hile an unliquidated counterclaim does not denude the primary claim of its liquidity, it

can reduce the amount upon which the interest is calculated." *L.A. Gross & Sons, Inc. v. Parisi*, 586 N.E.2d 142, 144 (Ohio App. 1990). North Dakota, too: "We hold that a 'certain' or 'liquidated' claim does not become 'uncertain' or 'unliquidated' by reason of action by a defendant to either dispute it or to put forth an unliquidated set-off or counterclaim." *Stee v. 'L' Monte Industries, Inc.*, 247 N.W.2d 641, 646 (N.D. 1976). And a Washington court said, '[a]n unliquidated counterclaim, even when established, does not affect the right to interest prior to judgment on the amount found to be due on a liquidated or determinable claim, since the debtor may not defeat the creditor's right to interest on such a claim by setting up an unliquidated claim as a setoff." *Mall Tool Co. v. Far West Equipment Co.*, 273 P.2d 652, 663 (Wash. 1954). The *Mall Tool* court explained that "the amount found to be due on a liquidated or determinable claim may be reduced by the amount found to be due on an unliquidated counterclaim or setoff, and *** interest will be allowable only on the balance remaining after the reduction has been made." *Mall Tool*, 273 P.2d at 663. See also *Knutson v. Lasher*, 18 N.W.2d 688, 695-96 (Minn. 1945).

¶ 15 The court in *Owens*, 170 Ill. App. 3d 179, faced an extraordinary situation in which the contested set-offs, amounting to $30,000, justified the debtor's decision not to pay a debt of $40,000 pending determination of the set-offs. The *Owens* court held the amount of the debt too indefinite to justify the award of interest prior to determination of the set-offs. We would confine the ruling in *Owens* to the factual situation that justified the failure to pay the liquidated debt. Insofar as the language of *Owens* might lead to the conclusion that any possible set-off makes the debt too indefinite to warrant interest, we choose to follow the weight of authority and not *Owens*.

¶ 16    We hold that the arbitrator's reference to set-offs does not make the award so indefinite that it cannot accrue interest under section 2-1303. In accord with the weight of authority, we find that interest accrued only on the amount of the award minus the appropriate set-offs, from the date of the award, until Allstate paid Shackelford $14,000. After the date of that payment, interest continued to accrue only on any balance remaining unpaid. If the court enters a judgment confirming the arbitrator's award, the court should include in the judgment the appropriate interest under section 2-1303, and take into account the amount Allstate already paid Shackelford when setting the amount of the judgment.

¶ 17    We express no opinion on the propriety of Shackelford's request for class certification, as the parties have not addressed that issue on this appeal.

¶ 18                                  CONCLUSION

¶ 19    Shackelford's request in her amended complaint for confirmation of the arbitrator's award adequately states a claim for relief, and therefore we reverse the dismissal of the complaint. If the circuit court enters a judgment confirming the award, the court should include in the judgment post-award prejudgment interest from the date of the award to the date of the judgment, with the interest calculated in accord with section 2-1303, taking into account all set-offs and the timing and amount of all payments Allstate has made.

¶ 20    Reversed and remanded.

¶ 21    JUSTICE MASON, dissenting.

¶ 22    I respectfully dissent from my colleagues' conclusion that Shackelford's complaint states a cause of action against Allstate for failure to pay interest on her arbitration award. Shackelford's entitlement to interest on the arbitration award derives from statute. As our

supreme court found in *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.,*

> "Under the judgment interest statute [735 ILCS 5/2-1303 (West 2014)], the date an award, report or verdict is rendered is the date on which interest begins to accrue. If there is a delay between the rendering of the award, report, or verdict and entry of judgment thereon, interest shall be assessed from the date the award is made and *included in the judgment* when entered." (Emphasis in original.) 157 Ill. 2d 282, 301 (1993).

See also *Sunrise Assisted Living v. Banach,* 2015 IL App (2d) 140037, ¶¶ 32, 35 ("[A] claimant is entitled to section 2-1303 interest *if and when* the arbitrator's award \*\*\* becomes an enforceable judgment. \*\*\* Without a judgment, Banach was not entitled to additional interest under section 2-1303 of the Code." (Emphasis added.)). And under the Uniform Arbitration Act, Shackelford was obligated to file an application to confirm her award in order to obtain entry of a judgment, which would then include statutory interest. 710 ILCS 5/14 (West 2014).

¶ 23 Before her complaint was filed, Shackelford did not file a petition to confirm and enter judgment on her arbitration award. Although interest accrued on the award from the date it was entered (and I agree with the majority's determination that the existence of a setoff did not prevent that accrual), prior to entry of judgment on the award, Shackelford had no statutory or contractual right to demand payment of interest from Allstate. Allstate's tender of the net award of $14,000 after suit did not prevent the accrual of interest (735 ILCS 5/2-1303 (West 2014) (further accrual of interest tolled by tender of payment of award, plus costs and

interest)), nor did it relieve Shackelford of the obligation to reduce the award to judgment. Nothing Allstate did or failed to do after entry of the award could deprive Shackelford of interest on the award under the statute. By the same token, Allstate could have, but was not obligated, either by contract or statute, to tender the amount of the award plus interest until judgment was entered thereon. Thus, because Shackelford did not take the required step of petitioning to confirm the award, her complaint failed to state a cause of action against Allstate and was properly dismissed. For these reasons, I respectfully dissent from the majority's decision to reverse the order of the circuit court of Cook County.