BEATRICE COMPANIES, INC., and its Subsidiaries, Plaintiff-Appellant, v. DOUGLAS H. WHITLEY, Director, Department of Revenue, Defendant-Appellee.

First District (6th Division)   No. 1—96—1070

Opinion filed September 12, 1997.

Fred O. Marcus, James H. Ryan, and Jordan M. Goodman, all of Horwood, Marcus & Braun, Chartered, of Chicago, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of counsel), for appellee.

JUSTICE THEIS delivered the opinion of the court:

Taxpayer appeals the trial court's order affirming a decision by the Illinois Department of Revenue (Department). The Department ruled that sales shipped from Illinois by a member of a unitary business group to purchasers located outside Illinois should be "thrown back" to Illinois for inclusion in the numerator of the taxpayer's combined Illinois sales factor, where the taxpayer was not separately subject to tax in the destination state. The trial court affirmed the ruling based upon this court's holding in *Dover Corp. v. Department of Revenue*, 271 Ill. App. 3d 700, 648 N.E.2d 1089 (1995). We affirm.

The Illinois Department of Revenue issued notices of deficiencies

to Beatrice Companies, Inc. (BCI), and several of its subsidiaries. BCI filed protests, contending that certain corporate income liabilities were taxable outside Illinois. Specifically, BCI disputed the Department's calculation of the apportionment formula applied toward BCI's Illinois subsidiaries. The formula established the percentage of business income subject to taxation in Illinois. The Department ruled that, under the "throwback rule," Illinois was statutorily authorized to include in the sales factor of the apportionment formula those sales of property shipped from Illinois to purchasers in states where that specific subsidiary was not taxable. See 35 ILCS 5/304(a)(3)(B) (West 1994).

BCI sought administrative review of the Department's ruling, arguing that the throwback of these foreign destination sales was inappropriate, because other subsidiary members of their unitary business group were taxable in the other jurisdictions. The circuit court affirmed the Department's ruling, finding that this court's decision in *Dover Corp. v. Department of Revenue*, 271 Ill. App. 3d 700, 648 N.E.2d 1089 (1995), directly supported the Department's position.

On appeal, BCI takes issue with the application of the throwback rule to members of unitary business groups, contending that the *Dover* decision was wrongly decided. BCI claims that: (1) as a matter of statutory construction, sales shipped by an Illinois member of a unitary business group to a foreign destination cannot be "thrown back" to Illinois if any other member of the unitary group pays taxes in the foreign destination; and (2) adoption of the Department's position is contrary to the concept of a unitary tax policy.

■ Under the Administrative Review Law, the factual determinations of an administrative agency are deemed *prima facie* true and correct. 735 ILCS 5/3—110 (West 1994). However, we will review the agency's conclusions of law under a *de novo* standard. *Envirite Corp. v. Illinois Environmental Protection Agency*, 158 Ill. 2d 210, 632 N.E.2d 1035 (1994). In order to fully address BCI's arguments on appeal, we will first discuss unitary business groups and the history of the Illinois Income Tax Act (35 ILCS 5/101 *et seq.* (West 1994)).

■ When applied to a corporation, the term "unitary business group" describes a corporation with interrelated subsidiaries located in various states and countries. Subsidiaries in a unitary business group are so interdependent, however, that it becomes relatively impossible for one state to determine the net income generated by a particular subsidiary's activities within the state. *Caterpillar Tractor Co. v. Lenckos*, 84 Ill. 2d 102, 417 N.E.2d 1343 (1981). The difficulty in determining the portion of income attributable to a particular state translates into difficulty in allocating income for purposes of taxa-

tion. *Caterpillar*, 84 Ill. 2d 102, 417 N.E.2d 1343. The Uniform Division of Income for Tax Purposes Act (UDITPA), adopted in 1957 as a model act, sets forth guidelines for apportioning income when a business entity conducts business in different states. 7A U.L.A. 331 (1985). UDITPA was designed to enable states to apportion the income of a multistate corporation based upon the distribution of the corporation's property, sales, and payroll. UDITPA provides that sales that occur in states where the group member is not taxable are thrown back to the state of origination. 7A U.L.A. 331 (1985).

■ In 1969, the Illinois General Assembly enacted the Illinois Income Tax Act (Tax Act), modeling the apportionment portion of the Tax Act after the UDITPA. See *Caterpillar*, 84 Ill. 2d 102, 417 N.E.2d 1343. The Illinois apportionment provision provides that when an entity conducts business in more than one state, a three-factor formula is utilized to determine what proportion of income is attributable to the various states. 35 ILCS 5/304(a) (West 1994). Specifically, the statute provides:

> "If a person other than a resident derives business income from this State and one or more other states, then, except as otherwise provided by this Section, such person's business income shall be apportioned to this State by multiplying the income by a fraction, the numerator of which is the sum of the property factor (if any), the payroll factor (if any) and 200% of the sales factor (if any), and the denominator of which is 4 reduced by the number of factors other than the sales factor which have a denominator of zero ***.
>
> * * *
>
> (3) Sales Factor.
>
> (A) The sales factor is a fraction, the numerator of which is the total sales of the *person* in this State during the taxable year, and the denominator of which is the total sales of the *person* everywhere during the taxable year.
>
> (B) Sales of tangible personal property are in this State if:
>
> (i) The property is delivered or shipped to a purchaser, other than the United States government, within this State ***; or
>
> (ii) The property is shipped from an office, store, warehouse, factory or other place of storage in this State and *** the person is not taxable in the state of the purchaser." (Emphasis added.) 35 ILCS 5/304(a)(3)(A), (B)(i), (B)(ii) (West 1994).

■ BCI takes issue with the Department's interpretation of the word "person" as singular, referring only to the Illinois subsidiary, when determining the numerator of the sales factor, and then as plural, referring to all group members, when determining the denominator of the sales factor and when construing the throwback rule. BCI

claims that such inconsistency is impermissible, as section 1501(b)(3) of the Tax Act provides:

"Any term used in any Section of this Act with respect to the application of, or in connection with, the provisions of any other Section of this Act shall have the same meaning as in such other Section." 35 ILCS 5/1501(b)(3) (West 1994).

This court was presented with the nearly identical argument in *Dover Corp. v. Department of Revenue*, 271 Ill. App. 3d 700, 648 N.E.2d 1089 (1995). In *Dover*, however, the petitioner argued that the term "taxpayer," as opposed to "person," should not be interpreted singularly but, rather, plurally. Specifically, the petitioner claimed that, when applied to a unitary group, the term "taxpayer" as applied to the numerator in section 303(f) of the Tax Act referred to the entire unitary group and not a single subsidiary of the corporation. *Dover*, 271 Ill. App. 3d at 710-11, 648 N.E.2d at 1096. The *Dover* petitioner also argued that, if one member of the unitary group paid a tax in the destination state, the Illinois subsidiary should be deemed to have paid tax in the destination state as well, because under the statute they are considered one taxpayer.

In rejecting the petitioner's argument, the court noted that a review of the relevant statutes and regulation revealed the legislature's intent to tax 100% of business income. As in the instant case, there was no evidence that other members of the unitary group included the Illinois subsidiary's sales in computing their sales factors. Accordingly, if Illinois did not throw back the Illinois subsidiary's sales to Illinois, the sales would result in a "nowhere" tax. Because such a result would undermine legislative intent, the court gave deference to the Department's interpretation of the Tax Act. *Dover*, 271 Ill. App. 3d 700, 648 N.E.2d 1089.

Acknowledging that the *Dover* case is clearly on point, BCI argues that the *Dover* decision ignored fundamental rules of statutory construction. Accordingly, BCI contends that *Dover* was incorrectly decided. We disagree. Section 1501(b)(1) provides that we may construe singular words as plural if such a construction is "not otherwise distinctly expressed or manifestly incompatible with the intent" of the Tax Act. 35 ILCS 5/1501(b)(1) (West 1994). We find that adopting BCI's construction of the term "person" is manifestly incompatible with legislative intent.

For example, the Illinois Supreme Court stated that the apportionment formula is calculated as follows:

"[T]o determine the apportionment factor for a group member subject to the Illinois income tax, the property, payroll, and sales factors would be computed using the *individual group member's*

Illinois property, payroll, and sales as numerators, and the *entire unitary group's* property, payroll, and sales as denominators." (Emphasis added.) *General Telephone Co. v. Johnson*, 103 Ill. 2d 363, 371-72, 469 N.E.2d 1067, 1071 (1984), citing *Caterpillar Tractor Co. v. Lenckos*, 77 Ill. App. 3d 90, 98, 395 N.E.2d 1167 (1979), *aff'd*, 84 Ill. 2d 102, 417 N.E.2d 1343 (1981).

The year after the Illinois Supreme Court decided *Caterpillar*, the Illinois General Assembly added the definition of "unitary business group" and the concept of combined apportionment to the Tax Act, but rejected the *Caterpillar* court's concept of "worldwide combined apportionment." See Pub. Act 82—1029, eff. December 15, 1982. We find that, in doing so, the legislature otherwise embraced the Illinois Supreme Court's concept of combined apportionment. See *Kroger Co. v. Department of Revenue*, 284 Ill. App. 3d 473, 673 N.E.2d 710 (1996).

The legislature's definition of a unitary business group further undermines BCI's contention, as section 1501(a)(27) of the Tax Act defines a unitary business group as consisting of "a group of *persons* related through common ownership whose business activities are integrated with, dependent upon and contribute to each other." (Emphasis added.) 35 ILCS 5/1501(a)(27) (West 1994). Further, the Illinois Supreme Court stated that the purpose of the combined apportionment formula is "to permit the fair determination of the portion of business income that is attributable to the business activity in Illinois by *the reporting member* of the unitary group." (Emphasis added.) *Caterpillar Tractor Co. v. Lenckos*, 84 Ill. 2d 102, 121, 417 N.E.2d 1343, 1353 (1981). Accordingly, we find that BCI's construction of the throwback rule statute is inconsistent with legislative intent, rules of construction, and the Illinois Supreme Court's interpretation of the apportionment formula.

■ Finally, BCI contends that it is inappropriate for the Department to treat unitary business groups differently than corporations. BCI claims that sales of goods shipped from this state by a member of a unitary business group should not be reassigned to the numerator of the seller's sales factor so long as any member of the seller's unitary business group is subject to tax in the destination state. BCI notes that the government employs such a scheme when taxing corporate entities and it should therefore be applied to unitary business groups as well.

The *Dover* court rejected a uniformity argument similar to the one BCI raises on appeal. Under the unitary business structure, taxes are assigned to various states based upon the sales of each member's transactions. When an Illinois member of a unitary group ships goods to a foreign state, federal law may prevent that state from taxing the

538

Illinois member if the Illinois member has no contact with the state other than the solicitation of sales. See 15 U.S.C.A. § 381(a) (West 1976). Unless Illinois were to throw back that sale for inclusion in the Illinois member's numerator, that transaction would go untaxed. Accordingly, failure to apply the throwback rule in the manner advanced by the Department would result in a "nowhere" tax on the Illinois sales.

Conversely, while a corporation files only one tax return covering all transactions, members of a unitary group may or may not file returns in Illinois. We find, as the *Dover* court found, that such a distinction justifies treating the two entities differently and does not subvert the principles of the unitary business concept. As such, we affirm the ruling of the trial court.

Affirmed.

GREIMAN, P.J., and ZWICK, J., concur.