SECOND DIVISION
December 11, 2007

No. 1-07-0997

| | | |
|---|---|---|
| MARTIN RAMIREZ and MAUREEN RAMIREZ, on Behalf of Themselves and Others Similarly Situated, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellees, v. | ) ) ) ) | |
| MIDWAY MOVING AND STORAGE, INC., | ) ) ) | Honorable Kathleen M. Pantle, Judge Presiding. |
| Defendant-Appellant. | ) | |

JUSTICE SOUTH delivered the opinion of the court:

Defendant, Midway Moving and Storage, Inc., appeals from an order of the circuit court of Cook County which granted plaintiffs' motion for class certification of their amended complaint.

According to the trial court's written order, the facts are as follows: Plaintiffs, Martin and Maureen Ramirez, were customers of defendant, which is a moving company. On May 30, 2003, Maureen telephoned defendant to obtain an estimate for moving services. Defendant's agent elicited information from her concerning the move and gave a written estimate of $1,155. On June 30, 2003, the day of the move, defendant began moving plaintiffs' belongings to their new home. Before their belongings were unloaded from the truck, defendant's agent presented plaintiffs with a bill of lading that indicated the final charges would be $2,504.80, which was more than twice the amount of the original estimate. When plaintiffs refused to pay the final charges,

defendant's agent advised them that delivery of their belongings would not be completed until the final charges were paid as shown on the bill of lading. Consequently, plaintiff paid the final charges. Plaintiffs were never given a copy of the Illinois Commerce Commission's public information pamphlet for consumers who are moving, as required by law. 92 Ill. Adm. Code 1455.160, repealed at 28 Ill. Reg. 6114 (eff. April 15, 2004). After finding that all four requirements for maintaining a class action pursuant to section 2-801 of the Code of Civil Procedure (735 ILCS 5/2-801 (West 2006)) had been met, the trial court granted plaintiffs' motion for class certification. Thereafter, defendant filed a timely petition for leave to appeal to this court pursuant to Supreme Court Rule 306(a)(8) (210 Ill. 2d. R. 306(a)(8)), which was allowed on June 6, 2007.

On appeal, defendant contends that the trial court abused its discretion in granting plaintiffs' motion for class certification for the following reasons: (1) it applied the wrong legal standard by not requiring plaintiffs to establish the requirements of the Illinois class action statute (735 ILCS 5/2-801 (West 2006)); (2) it found that the individual issues did not predominate over common question of fact or law as to plaintiffs' consumer fraud and breach of contract counts; (3) adjudication of the named plaintiffs' claims would not establish a right of recovery for other class members; (4) the trial court ignored inconsistencies in the testimony of the proposed class representatives; and (5) the trial court relied on cases factually inapposite and ignored relevant case law.

## INTRODUCTION

"To determine whether the proposed class should be certified, the court accepts the

allegations of the complaint as true." Clark v. TAP Pharmaceutical Products, Inc., 343 Ill. App. 3d 538, 544-45 (2003). "The trial court has broad discretion to determine whether a proposed class satisfies the requirements for class certification and should err in favor of maintaining class [certifications]." Clark, 343 Ill. App. 3d at 545; Ramirez v. Smart Corp., 371 Ill. App. 3d 797, 809 (2007). "The trial court's certification of a class will be disturbed only upon a clear abuse of discretion or an application of impermissible legal criteria." Clark, 343 Ill. App. 3d at 545. "An abuse of discretion occurs when the ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view." Kitzes v. Home Depot, U.S.A., Inc., 374 Ill. App. 3d 1053, 1058 (2007). "' "[A] trial court's discretion in deciding whether to certify a class action is not unlimited and is bounded by and must be exercised within the framework of the civil procedure rule governing class actions." ' [Citations.]" Smith v. Illinois Central R.R. Co., 223 Ill. 2d 441, 447 (2006). Ultimately " '[o]ur function as a reviewing court is to determine whether the lower courts reached the correct result. The reasons given by a lower court for its decision or the findings on which a decision is based are not material if the judgment is correct.' " Kitzes, 374 Ill. App. 3d at 1059, quoting Devoney v. Retirement Board of the Policemen's Annuity & Benefit Fund for the City of Chicago, 199 Ill. 2d 414, 422 (2002). "A judgment may be sustained upon any ground warranted by the record." Kitzes, 374 Ill. App. 3d at 1059.

Defendant first contends that the trial court abused its discretion in granting plaintiffs' motion for class certification because it applied the wrong legal standard when it did not require plaintiffs to establish the requirements of the class action statute.

To maintain a class action in Illinois, the court must find:

3

"(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) That representative parties will fairly and adequately protect the interests of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801 (West 2006).

"A plaintiff seeking to maintain a class action must allege facts sufficient to bring the claim within the above statutory prerequisites; failing that, the complaint should be dismissed." Health Cost Controls v. Sevilla, 365 Ill. App. 3d 795, 804 (2006).

Defendant's claim is contradicted by the trial court's written order, which detailed the required criteria in maintaining a class action and identified how plaintiffs satisfied each requirement. Accordingly, we find that defendant's contention is without merit and turn our attention to a discussion of whether plaintiffs met each prerequisite for maintaining a class action.

NUMEROSITY

Plaintiffs' complaint alleges there are possibly several thousands of plaintiffs, and defendant does not dispute that the class is so numerous that the joinder of all members would be impractical. Accordingly, we find the first prerequisite of section 2-801 of the Code of Civil

4

Procedure (735 ILCS 5/2-801(1) (West 2006)) has been met.

COMMON QUESTIONS OF FACT OR LAW

" 'In order to satisfy the second requirement of section 2-801, ([namely that] a common question of fact or law predominates over other questions affecting only individual class members), it must be shown that "successful adjudication of the purported class representatives individual claims will establish a right of recovery in other class members." ' [Citations.]" Hall v. Sprint Spectrum, L.P., No. 5-05-0354, slip op. at 12-13 (June 27, 2007). "As long as there are questions of fact or law common to the class and these predominate over questions affecting only individual members of such class, the statutory requisite is met." Slimack v. Country Life Insurance Co., 227 Ill. App. 3d 287, 292 (1992). "Determining whether issues common to the class predominate over individual issues requires the court to identify the substantive issues that will control the outcome, assess which issues will predominate, and then determine whether these issues are common to the class. [Citation.] Such an inquiry requires the court to look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law." Smith, 223 Ill. 2d at 449.

Where the predominance test is met, " ' "a judgment in favor of the class members should decisively settle the entire controversy, and all that should remain is for other members of the class to file proof of their claim." ' [Citations.]" Smith, 223 Ill. 2d at 449. "Once the basic determination has been made that a predominating common question of fact or law exists, the fact that there may be individual questions will not defeat the predominating common question." Slimack, 227 Ill. App. 3d at 293; Lee v. Allstate Life Insurance Co., 361 Ill. App. 3d 970, 976

1-07-0997

(2005). The requirement of individual proofs should not be a bar to a class action. <u>Slimack</u>, 227 Ill. App. 3d at 293.

Turning to the instant case, the trial court identified the following common questions in its written order: (1) whether defendant submitted a final bill which exceeded 110% of the estimate without allowing the customers to pay the additional charges in 30 days; (2) whether defendant refused to deliver the customers' belongings without full payment; and (3) whether defendant engaged in deceptive and unfair estimating and final charge authorization. Defendant argued below that there were individual factual circumstances peculiar to the named plaintiffs which defeated class certification, for example, weather or parking issues. The trial court responded that factual variations among class members' grievances will not defeat a class action and correctly noted that the parties may litigate the questions of fact or law common to all class members and the court may determine any questions peculiar to any individual class members in an ancillary proceeding. Specifically addressing defendant's argument, the court found that while circumstances may vary with respect to every move, defendant's employee testified that "truly professional estimators build in time for uncertainties such as the hypothetical situations posed by defendant." Moreover, the record showed that defendant always provided an on-site estimate after the crew chief had the opportunity to do a walk-through and assess the actual circumstances, at which point the estimator would know the weather conditions, the parking conditions, and whether a customer has underestimated the number of his belongings in an attempt to given a unfair advantage.

The trial court concluded that the factual allegations in the complaint were broad enough

6

to establish the possible existence of a class action since defendant had a uniform policy of requiring payment before fully unloading the truck, which constitutes a common question of law or fact. We find no abuse of discretion in the trial court's determination that common questions of law or fact existed and that such common questions predominated over any issues specific to the named plaintiffs.

## ADEQUATE REPRESENTATION

Turning to the adequate representation requirement, defendant argued below that adjudication of the named plaintiffs' claims would not establish a right of recovery for other class members. It contended that plaintiffs' grievances were so personalized that their energies may end up being directed toward presenting and defending their individual claims at the expense of the class. The trial court disagreed, finding that plaintiffs were advocates who shared the same interests as those of the absentee class members to seek damages based on defendant's unfair practices.

"The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. [Citation.]" Walczak v. Onyx Acceptance Corp., 365 Ill. App. 3d 664, 678 (2006). "The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined." Walczak, 365 Ill. App. 3d at 678. We note that defendant does not dispute the trial court's conclusion, and we accordingly conclude that plaintiffs have met the adequate representation requirement of the statute.

APPROPRIATENESS

The fourth requirement for class certification is that the class action is an appropriate method for fairly and efficiently adjudicating the controversy. "In deciding whether the fourth requirement *** is met, a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain." Walczak, 365 Ill. App. 3d at 679. "Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well." Walczak, 365 Ill. App. 3d at 679; Clark, 343 Ill. App. 3d at 552; Gordon v. Boden, 224 Ill. App. 3d 195, 204 (1991). The trial court found, and defendant does not dispute, that a class action is appropriate in the case at bar. Accordingly, we conclude that plaintiffs have met the appropriateness requirement of the statute.

CONCLUSION

Inasmuch as plaintiffs' have met all four requirements for maintaining a class action under section 2-801, it follows that the trial court did not abuse its discretion in granting the motion for class certification on the amended complaint.

Defendant, however, raises two additional arguments: the trial court (1) ignored inconsistencies in the testimony of the proposed class representatives; and (2) it relied on cases factually inapposite and ignored relevant case law. We find those arguments of little consequence to the issue of whether the trial court abused its discretion in granting plaintiffs' motion for class certification. A judgment may be sustained upon any ground warranted by the record (Kitzes, 374 Ill. App. 3d at 1059), and we have already determined that the four requirements of section 2-

8

1-07-0997

801 have been met.

Accordingly, we find the trial court did not abuse its discretion in granting plaintiff's motion for class certification, and the judgment is affirmed.

Affirmed.

HALL and KARNEZIS, JJ., concur.