2021 IL App (1st) 210195-U

No. 1-21-0195

Order filed September 28, 2021.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| HOLLY SHACKELFORD, on behalf of herself and others similarly situated, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 2015 CH 14972 |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | ) ) ) ) | The Honorable Pamela McLean Meyerson, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not abuse its discretion in granting plaintiff's motion for class certification where she satisfied the numerosity, commonality, adequacy of representation and appropriateness requirements needed to maintain a class action. We affirm.

¶ 2    In this interlocutory appeal, defendant, Allstate Fire and Casualty Insurance Company,

challenges the circuit court's order granting plaintiff, Holly Shackelford, class certification in an

action alleging, among other things, a violation of the Illinois judgment interest statute. We

previously allowed defendant's petition for leave to appeal in this matter, which asked us to consider whether plaintiff met the requirements for class certification. After considering that question, and for the reasons that follow, we affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4      This case emanates from plaintiff's underlying uninsured motorist claim against defendant and was previously before this court. See *Shackelford v. Allstate*, 2017 IL App (1st) 162607 ("*Shackelford I*"). As the facts were detailed in our prior decision, we recite only those facts necessary to resolve the issues on appeal.

¶ 5      Briefly stated, plaintiff presented an uninsured motorist claim to defendant for injuries she sustained while riding as a passenger in a policyholder's vehicle. Plaintiff's claim was submitted to arbitration pursuant to the insured's policy, where an arbitrator ultimately entered an award of $16,000 in her favor. The award was subject to "all applicable setoffs and liens to be resolved by the Parties and their Attorneys." After plaintiff filed suit to enforce the arbitration award, defendant sent her a check for $14,000, which it claimed was the award amount minus an applicable setoff.[1] According to plaintiff, however, that amount did not include the required statutory interest due as a result of defendant's late payment.

¶ 6      Consequently, plaintiff filed an amended complaint in which she sought confirmation of the arbitration award, as well as a judgment against defendant for the interest due on the award. In addition, plaintiff sought to represent other individuals similarly harmed by defendant's alleged nonpayment of the required statutory interest on their arbitration award or judgment. The circuit court, however, held that defendant's alleged nonpayment of the required interest was not an adequate claim for relief, and dismissed plaintiff's complaint with prejudice. She appealed.

---

[1]Plaintiff asserts that although she's not disputing the setoff, she didn't agree to it.

¶ 7        In reversing the circuit court's judgment, a majority of this court held that plaintiff's complaint was improperly dismissed as a matter of law because it stated a viable claim for entry of judgment confirming the arbitration award. See *id*., ¶ 9 (noting that "the Illinois Uniform Arbitration Act does not list satisfaction of the award as grounds for the court not to enter a judgment on the award"). While that holding necessitated remand, this court, in the interest of judicial economy, also addressed whether plaintiff's complaint stated an adequate claim for interest on the arbitration award, ultimately holding that it did. Additionally, our mandate contained the following remand instructions with respect to that claim:

> "If the circuit court enters a judgment confirming the award, the court should include in the judgment postaward prejudgment interest from the date of the award to the date of the judgment, with the interest calculated in accord with section 2-1303, taking into account all setoffs and the timing and amount of all payments [defendant] has made."

This court, however, did not consider the merits of plaintiff's request for class certification in its decision issued on September 29, 2017. Nevertheless, defendant appealed our decision to the Illinois Supreme Court but was unsuccessful. See *Shackelford v. Allstate*, No. 123074 (2018) (disposition issued denying the defendant's petition for leave to appeal).

¶ 8        On remand, plaintiff renewed her request for class certification. In her motion, plaintiff identified 66 potential class members who allegedly received payment from defendant on an arbitration award or judgment in Illinois that did not include the required statutory interest. Plaintiff argued that whether they were entitled to statutory interest presented a legal question common to all class members that predominated over any questions affecting individual

members. Plaintiff further argued that a class action was appropriate given the generally small size of each member's claim, and that she was a fair representative of that class.

¶ 9 In response, defendant argued, in the main, that plaintiff did not satisfy the requirements for class certification because the individual circumstances of each member's claim predominated over any commonality between them. The circuit court disagreed, holding that defendant's argument contradicted this court's determination in *Shackelford I* that the right to interest on an arbitration award dominated over individualized award and setoff amounts. See *id*. ¶¶ 15-16.

¶ 10 Additionally, the circuit court held that the 66 potential members satisfied numerosity, that plaintiff could fairly represent them and that their claims could be fairly and efficiently adjudicated in a class action. The court therefore granted plaintiff's motion, certifying the following class:

> "All persons who made a claim arising from an incident involving a person insured by Allstate, who received an award or judgment in Illinois, which Allstate paid during the period of October 13, 2010 to the present without paying statutory interest pursuant to 735 ILCS 5/2-1303."

The circuit court's order granting class certification was entered on January 25, 2021.

¶ 11 Defendant subsequently filed a petition for leave to appeal pursuant to Illinois Supreme Court Rule 306 (a)(8) (eff. Oct. 1, 2020), which a majority of this court granted on March 19, 2021.[2] This interlocutory appeal followed.

¶ 12                                            ANALYSIS

---

[2]Justice Cobbs dissented in our decision allowing defendant's petition for leave to appeal in this matter.

¶ 13    Initially, we note that defendant has not included a transcript or report of proceedings from the circuit court's class certification hearing, or an appropriate alternative under Illinois Supreme Court Rule 323(c), (d) (eff. July 1, 2017), such as a such as a bystander's report or an agreed statement of facts. As the appellant, defendant bears the burden of presenting a sufficiently complete record of the proceedings below to support its claims of error, and any doubts arising from the record's inadequacy are resolved against it. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Furthermore, in the absence of a complete record, we must presume that the circuit court acted in conformity with the law and had a sufficient factual basis for its ruling. *Id.* at 392.

¶ 14    The purpose of a class action suit is to promote efficient litigation by permitting a representative party to bring the claim on behalf of a large number of people with similar claims. *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App (1st) 131465, ¶ 9; *Miner v. Gillette Co.*, 87 Ill. 2d 7, 14 (1981). In determining whether a proposed class meets the requirements for certification, courts must accept the allegations of the complaint as true. *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 9. A circuit court has broad discretion to determine whether the proposed class should be certified but should err in favor of maintaining class certification. *Id.* As such, we will not reverse a circuit court's judgment granting class certification absent a clear abuse of discretion, which occurs when the court's ruling is arbitrary, fanciful or unreasonable. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (2007). Furthermore, we may affirm the lower court's judgment on any basis appearing in the record, regardless of whether it relied on that basis or whether its reasoning was correct. *Id.*

¶ 15    Section 2-801 of the Illinois Code of Civil Procedure (735 ILCS 5/2-801 (West 2018)) governing class certification, sets forth the requirements needed to maintain a class action. *CE*

*Design Ltd.*, 2015 IL App (1st) 131465, ¶ 10. Pursuant to that section, class certification is proper if the proponent establishes that (1) the class is so numerous that joinder of all members if impracticable, (2) there are questions of fact or law common to the class which predominate over any questions affecting only individual members, (3) the representative parties will fairly and adequately protect the interests of the class, and that (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy. *Id.* These requirements are generally known as numerosity, commonality, adequacy of representation and appropriateness. *Id.* We will address each in turn, finding no abuse of discretion in the circuit court's judgment granting plaintiff class certification in this case.

¶ 16                                      I. Numerosity

¶ 17     Defendant first argues that plaintiff did not allege any facts that either supported the number of proposed class members she identified or showed that joinder of them was impracticable, to satisfy the numerosity requirement needed for certification. We disagree.

¶ 18     As set forth above, the circuit court found that plaintiff established numerosity because her motion for certification identified "at least 66 class members," an allegation that was supported by affidavits from one of her attorneys and a Law Clerk based on their analysis of defendant's data concerning claimants' arbitration awards and judgments issued within the relevant time period. Notably, the affidavits stated that the estimated 66-person class consisted of claimants who received checks from defendant in the same amount as their arbitration award or judgment. In other words, the class did not include claimants whose awards or judgments were clearly subject to setoffs or liens.

¶ 19     Additionally, as the circuit court observed, plaintiff's proposed 66-person class fell "way above the 40-person guideline" delineated by this court in *Wood River Area Development Corp.*

*v. Germania Federal Savings & Loan Ass'n*, 198 Ill. App. 3d 445 (1990). Although defendant argues this class size is overly speculative and conclusory, it has offered nothing to support these allegations or to show that the estimate was made in bad faith. *Cf. Marcial v. Coronet Insurance Co.*, 880 F. 2d 954, 957 (7th Cir. 1989) (finding no abuse of discretion in the district court's numerosity ruling where the alleged class size was derived from data consisting only of oral representations and there was no way of knowing from the record whether those representations were correct); but see *Arenson v. Whitehall Convalescent & Nursing Home, Inc.*, 164 F.R.D. 659, 665 (N.D. Ill. 1996) (distinguishing *Marcial* in which the oral representations "were the determining factor in the case").

¶ 20    Regardless, plaintiff here was not required to demonstrate a precise figure for the class size so long as it was sufficiently numerous to make joinder of all members impracticable. See *Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771 (2008). Because she identified 66 potential class members with sufficient evidence, we conclude that the numerosity requirement was satisfied.

¶ 21                              II. Commonality

¶ 22    Next, defendant argues that individual factual questions predominated over commonality, defeating class certification. To satisfy the commonality requirement, plaintiff had to demonstrate that a common legal or factual question predominated over other questions affecting only individual class members and that the successful adjudication of her claim would establish a right of recovery for all class members. *Ramirez*, 378 Ill. App. 3d at 54.

¶ 23    In this case, the circuit court found that plaintiff established a common legal question of whether the class members were entitled to interest on their arbitration award or judgment that predominated over questions concerning the individual members. Defendant disagreed, arguing,

as it does now, that the class members' individual factual circumstances, such as their award amount or applicable setoffs and liens, prevailed over any commonality between them. The circuit court, however, noted that defendant essentially made the same argument in *Shackelford I*, which we rejected. See *Shackelford I*, 2017 IL App (1st) 162607, ¶¶ 13-16 (declining to follow the court's ruling in *Owens v. Stokoe*, 170 Ill. App. 3d 179, 183 (1988) because it focused on the individualized facts surrounding the arbitration award, rather than the common legal question of whether interest on the award was justified). Moreover, as mentioned above (see *supra* ¶ 17), plaintiff identified members who obtained awards or judgments from defendant that did not appear to be subject to any setoffs or liens.

¶ 24    Interestingly, defense counsel argued at the hearing below on plaintiff's motion to compel discovery, that the policy forms she requested were irrelevant to determine whether defendant was required to pay interest on the claimants' awards or judgments since such payment was required regardless under the statute: "If the statute obligates the insurance company to provide interest, that is what's controlling here. That is what the Appellate Court held. So what the policy requires or doesn't require is trumped by what the statute provides." This argument certainly supports the circuit court's finding that the legal question of whether plaintiff was entitled to interest from defendant on the amount of payment, which had already been reduced by any applicable setoffs or liens, predominated. We therefore conclude that plaintiff satisfied the commonality requirement. *Cf. Petrich v. MCY Music World, Inc.*, 371 Ill. App. 3d 332, 340 (2007) (where the plaintiff provided no evidence identifying any common damages or questions of law between the class members, the court held that the predominance requirement was not satisfied); *Powers v. Credit Management Services, Inc.*, 776 F.3d 567, 572-73 (8th Cir. 2015) (where the plaintiffs presented an unresolved legal question whose resolution

was potentially dependent on the facts of a particular class member's claim, the court held that the commonality, predominance and superiority requirements were not satisfied).

¶ 25     Because plaintiff's claim presented a legal question common to all class members, the successful adjudication of that claim would necessarily establish a right of recovery for them. Accordingly, we need not address defendant's arguments as to that issue.

¶ 26                                  III. Adequacy of Representation

¶ 27     Likewise, we reject defendant's contention that plaintiff is not an adequate class representative. To establish adequacy of representation, plaintiff was required to show that her interests aligned with those of the class members not joined in the suit and that her attorney handling the proposed litigation was both qualified and generally capable of conducting class action litigation. *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶¶ 15-16. The purpose of this requirement is to protect the interests of all class members through plaintiff's litigation of the claim. *Id.* ¶ 15.

¶ 28     Here, the circuit court found that plaintiff was an adequate class representative because she had "vigorously litigated this matter for over five years" and had "every incentive to continue doing so." Even though defendant did not challenge the appointment or qualifications of plaintiff's counsel to conduct the class action litigation, the circuit court, having "observed counsel's advocacy in the three years since the case [had] been remanded," found him capable of fairly and adequately protecting the class interests.

¶ 29     We note, however, that defendant similarly does not challenge here whether plaintiff's counsel can adequately represent all class members in this matter, thereby forfeiting the issue on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Instead,

defendant has argued that plaintiff cannot represent the class because she has no actionable claim for interest. This argument, however, is belied by our holding in *Shackelford I* that plaintiff not only stated a viable claim for interest but also that she was entitled to it if the circuit court entered judgment on her arbitration award. See *supra* ¶ 7. Because defendant has offered nothing further to support its contention that plaintiff failed to satisfy the adequacy of representation requirement, we cannot say that she failed to meet it.

¶ 30                                    IV. Appropriateness

¶ 31     Finally, we reject defendant's contention that a class action is an inappropriate vehicle for resolving the controversy in this case. To satisfy the appropriateness requirement, a plaintiff must show that a class action is better suited than individual small claims for securing a more fair and efficient means of adjudication. *Ramirez*, 378 Ill. App. 3d at 56. Where, as here, a plaintiff has satisfied the first three requirements for class certification, the fourth requirement may be considered fulfilled as well. *Id.*

¶ 32     Here, defendant's argument rests on a finding that the individual circumstances predominated over commonality in this case, and we have already determined that they didn't. And because plaintiff has satisfied the first three requirements for class certification, we conclude that it was reasonable for the circuit court to find that she had also met the appropriateness requirement.

¶ 33                                    CONCLUSION

¶ 34     Based on the foregoing, we conclude that the circuit court did not abuse its discretion in granting plaintiff's motion for class certification. Accordingly, we affirm the circuit court's judgment.

¶ 35     Affirmed.