2024 IL App (1st) 230931-U

No. 1-23-0931

Order filed December 26, 2024

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ADAM SAVETT and MICHELE GERRITS-FAEGES, on behalf of themselves and all others similarly situated, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | |
| SP PLUS CORPORATION, formerly known as STANDARD PARKING CORPORATION, and DOES 1 to 10, | ) ) ) ) ) | |
| Defendant-Appellant. | ) ) | |
| _____ | ) ) | 2017 CH 2437 |
| SP PLUS CORPORATION, | ) ) | |
| Defendant Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| HUB PARKING TECHNOLOGY USA, INC., as Successor-in-interest to CTR PARKING SOLUTIONS, LLC, | ) ) ) ) | Honorable Pamela McLean Meyerson, |
| Third-Party Defendant. | ) | Judge, Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Reyes and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion in certifying this lawsuit as a class action.

¶ 2    In this interlocutory appeal, defendant SP Plus Corporation (SP Plus) challenges the trial court's order granting class certification to individuals who were issued electronically printed parking garage receipts that failed to truncate their credit card or debit card numbers. For the reasons that follow, we affirm the trial court's grant of class certification.

¶ 3                                    I. BACKGROUND

¶ 4    SP Plus is a Delaware corporation with its principal place of business in Chicago, Illinois. SP Plus manages public parking facilities at Cleveland Hopkins International Airport. HUB Parking Technology USA, Inc. (HUB), a third-party defendant, programs and maintains the software and automated equipment which provides the information that is electronically printed on the parking garage receipts.

¶ 5    Plaintiff Adam Savett contends he used the parking facility on at least three separate occasions and on each occasion, he received an electronically printed parking garage receipt which displayed eight digits of his credit card number. Section 1681c(g)(1) of the Fair and Accurate Credit Transactions Act (FACTA) "makes it illegal for businesses to print credit or debit card receipts that display more than the last five digits, and also makes it illegal for the receipt to reveal the card's expiration date." *Beringer v. Standard Parking O'Hare Joint Venture*, Nos. 07 C 5027, 07 C 5119, 2008 WL 4890501, at * 2 (N.D. Ill. Nov. 12, 2008) (citing 15 U.S.C. § 1681c(g)(1)). This section provides that: "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C.A. § 1681c(g)(1)).

¶ 6    "Congress enacted FACTA in 2003 as an amendment to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681." *Kamal v. J. Crew Group, Inc.*, 918 F.3d 102, 106 (3d Cir. 2019). "The FACTA amendments were intended to thwart identity theft and credit and debit card fraud." *Lee v. Buth-Na-Bodhaige, Inc*. 2019 IL App (5th) 180033, ¶ 4.

¶ 7    On February 17, 2017, Savett filed a class action complaint in the circuit court of Cook County alleging that SP Plus willfully violated section 1681c(g)(1) by providing him and class members with "one or more electronically printed receipts that failed to comply with [the statute's] truncation requirement." Savett also filed a motion for class certification, seeking to certify the following class:

> "[A]ll people to whom [SP Plus] provided an electronically printed receipt at the point of sale or transaction on or after a date two years before this lawsuit's filing that displayed (a) more than the last five digits of the person's credit card or debit card number or (b) the expiration date of the person's credit or debit card."

¶ 8    On June 8, 2018, Savett amended his complaint to add Michele Gerrits-Faeges as a plaintiff. After extensive motion practice and discovery, and delay caused by the COVID-19 pandemic, the trial court entered an order on April 26, 2023, granting plaintiffs' motion for class certification. The class consisted of: "[a]ll people who, from February 17, 2015 to May 19, 2016, paid for parking at the main parking deck at Cleveland Hopkins Airport using a credit card or debit card."

¶ 9    SP Plus filed a petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(8) (eff. Oct. 1, 2020), seeking to appeal the trial court's order. Our court granted the petition on June 12, 2023, and this interlocutory appeal followed.

¶ 10                                II. ANALYSIS

¶ 11    On appeal, SP Plus claims that the trial court abused its discretion by granting class certification. We first consider the purpose of a class action lawsuit. The principal purpose of a class action suit is to promote efficiency and economy of litigation. *General Telephone Co. v. Falcon*, 457 U.S. 147, 159 (1982). The class action procedure is "predicated on the inability of the court to entertain the actual appearance of all members of the class as well the impracticality of having each member prosecute his individual claim." *Miner v. Gillette Co.*, 87 Ill. 2d 7, 14 (1981). A class action suit allows "a representative party to pursue the claims of a large number of persons with like claims." *Id.*

¶ 12    Section 2-801 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-801 (West 2020)) sets forth the requirements for certifying a class. See *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App (1st) 131465, ¶ 10. The trial court may certify a class if the proponent establishes that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class, which predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interest of the class; and (4) the class action is the appropriate method for the fair and efficient adjudication of the controversy. *Id.* (citing 735 ILCS 5/2-801). These requirements are generally referred to as numerosity, commonality, adequacy of representation, and appropriateness. *Id.* The proponent of a class has the burden of establishing these requirements. *Aguilar v. Safeway Insurance Co.*, 221 Ill. App. 3d 1095, 1102 (1991).

¶ 13    "In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true and should err in favor of maintaining class certification." *CE Design*, 2015 IL App (1st) 131465, ¶ 9. " 'The trial court's certification of a class will be disturbed only

upon a clear abuse of discretion or an application of impermissible legal criteria.' " *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (2007) (quoting *Clark v. TAP Pharmaceutical Products, Inc.*, 343 Ill. App. 3d 538, 545 (2003)). An abuse of discretion occurs only where the trial court's ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position adopted by the court. *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009).

¶ 14                                    A. Ascertainability

¶ 15     SP Plus relies on federal caselaw to support its first argument that the trial court abused its discretion in finding that the plaintiffs satisfied their burden of establishing that this controversy was appropriate to proceed as a class action under section 2-801 of the Code. In support of this argument, SP Plus claims that plaintiffs' proposed class is not "ascertainable."

¶ 16     The ascertainability requirement is an implicit requirement for class certification under Rule 23 of the Federal Rules of Civil Procedure. See *Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015). "[S]ection 2-801 is patterned after Rule 23 *** and federal decisions interpreting [this rule] are persuasive authority with regard to the question of class certification in Illinois." *Smith v. Illinois Central Railroad Co.*, 223 Ill. 2d 441, 447-48 (2006) (citing *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 125 (2005)). In *Mullins*, the Seventh Circuit determined that in addition to the four requirements necessary to certify a class under Rule 23(a)— numerosity, commonality of questions of law or fact, typicality of claims or defenses, and adequacy of representation—members of a proposed class must also be ascertainable. *Mullins*, 795 F.3d at 657-63.

¶ 17     Ascertainability means that the class must be "defined clearly and based on objective criteria." *Id*. at 659; see also *Davis v. City of Chicago*, No. 19 CV 3691, 2024 WL 579976, at * 2

(N.D. Ill. Feb. 13, 2024); *Brown v. Cook County*, 332 F.R.D. 229, 238 (N.D. Ill. 2019). "A clear definition is one that 'identif[ies] a particular group, harmed during a particular time frame, in a particular location, in a particular way.' " *Brown*, 332 F.R.D. at 238 (quoting *Mullins*, 795 F.3d at 660).

¶ 18   SP Plus contends that plaintiffs' proposed class is amorphous, impermissibly vague, and not ascertainable, as it includes individuals who either did not receive an electronically printed receipt or did not receive a receipt that printed more than the last five digits of their credit card or debit card numbers. SP Plus argues here, as it did below, that some class members who exited the parking garage during the relevant time periods may have received FACTA-compliant receipts printed on hand-held devices which properly truncated their credit card and debit card numbers. SP Plus maintains there is no way to determine the number of times the hand-held devices were used to transact credit or debit card payments during the relevant time periods. SP Plus further claims that "the class definition includes an undefined term—the so-called 'main parking deck'— which does not allow for the objective identification of any individual." We disagree with these contentions.

¶ 19   The possibility that some class members might not have been harmed because they may have received FACTA-compliant receipts printed on hand-held devices does not preclude class certification. The number of class members with a valid claim is an issue to be determined after class certification. *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014). As the Seventh Circuit Court of Appeals recognized:

> "[A] class will often include persons who have not been injured by the defendant's conduct; indeed this is almost inevitable because at the outset of the case many members of the class may be unknown, or if they are known still the facts bearing on their claims may be

unknown. Such a possibility or indeed inevitability does not preclude class certification."

*Kohen v. Pacific Investment Management Co.*, 571 F.3d 672, 677 (7th Cir. 2009).

¶ 20    Moreover, a plaintiff is not required to identify every potential class member at the class certification stage. *CE Design*, 2015 IL App (1st) 131465, ¶ 14; *Marshall v. Grubhub Inc.*, No. 19-cv-3718, 2021 WL 4401496, at *8 (N.D. Ill. Sept. 27, 2021). "So long as a class is clearly defined with objective criteria, it is ascertainable." *Id*. (citing *Mullins*, 795 F.3d at 672).

¶ 21    In this case, the trial court certified a class defined as: "[a]ll people who, from February 17, 2015 to May 19, 2016, paid for parking at the main parking deck at Cleveland Hopkins Airport using a credit card or debit card."

¶ 22    Thus, membership in the class is limited to individuals who paid for parking at the main parking deck at Cleveland Hopkins Airport using a credit card or debit card during the relevant time period. Class members are identifiable based on the electronically printed parking garage receipts they received during the relevant time period that failed to truncate their credit card or debit card numbers. These receipts are objective data that make the recipient clearly identifiable and ascertainable. See, *e.g.*, *Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117, 127-28 (S.D.N.Y. 2011) (electronically printed receipts which displayed sixteen digits of credit card as well as card's expiration date were objective data satisfying the ascertainability requirement).

¶ 23    In addition, contrary to the contentions of SP Plus, the term "main parking deck" is not ambiguous as to the location where class members parked their vehicles during the relevant time period. At his deposition, Chris Matei, a senior manager at the parking facility, testified that the main parking garage has five levels—one for valet parking, one for employee parking, and the remaining three for public parking. There is a walkway from the parking garage to the airport terminal. Thus, the record demonstrates that the trial court and the parties were knowledgeable

about the location and physical layout of the main parking garage. In sum, the plaintiffs proposed class satisfies the implied ascertainability requirement.

¶ 24                                    B. Commonality

¶ 25    SP Plus next argues the trial court abused its discretion in finding that common issues predominate. To satisfy the commonality requirement for class certification, the proponent must demonstrate that questions of fact or law common to the class predominate over questions affecting only individual members of the class. *Bueker v. Madison County*, 2016 IL App (5th) 150282, ¶ 25. "Determining whether issues common to the class predominate over individual issues requires the court to identify the substantive issues that will control the outcome, assess which issues will predominate, and then determine whether these issues are common to the class." *Smith*, 223 Ill. 2d at 449.

¶ 26    Here, the trial court determined that the following factual and legal questions were common to the class and predominated over any questions affecting only individual class members: (1) "Did SP Plus provide class members with a receipt on which it printed more than the last five digits of their credit or debit card?" and (2) "Did SP Plus willfully violate FACTA?" We find no abuse of discretion in the trial court's determination that the commonality requirement was met.

¶ 27    The claims in plaintiffs' class action complaint are based on allegations that SP Plus willfully violated section 1681c(g)(1) of the FCRA by providing class members with electronically printed receipts that failed to comply with the statute's truncation requirements. "Factually, the claims depend upon the common contention that the defendant had a regular business practice of providing non-truncated receipts in violation of FACTA." *Engel*, 279 F.R.D. at 128. "Moreover, the case presents a single question of law across the entire class: Do the receipts printed by Defendant violate 15 U.S.C. § 1681c(g)?" *Rogers v. Khatra Petro, Inc.*, No. 2:08-CV-294, 2010

WL 3894100, at *4 (N.D. Ind. Sept. 29, 2010); see also *Beringer v. Standard Parking Corp.*, Nos. 07 C 5027, 07 C 5119, 2008 WL 4390626, at *2 (N.D. Ill. Sept. 24, 2008) (finding that the alleged conduct of defendant in printing receipts with inappropriate information created common questions of both fact and law). Accordingly, we find that plaintiffs satisfied the commonality requirement.

¶ 28                                    C. Adequate Representation

¶ 29    SP Plus next contends the trial court erred in finding that plaintiffs Adam Savett and Michele Gerrits-Faeges are adequate representatives of the purported class. Section 2-801(3) of the Code requires that "representative parties will fairly and adequately protect the interests of the class." 735 ILCS 5/2-801(3) (West 2020). "The purpose behind the adequate-representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Bueker*, 2016 IL App (5th) 150282, ¶ 40. To establish adequacy of representation, plaintiffs are required to show that their interests are the same as those class members not joined in the suit and that their attorney is qualified and generally capable of conducting the proposed litigation. *CE Design*, 2015 IL App (1st) 131465, ¶ 16.

¶ 30    SP Plus argues that Savett is not an adequate class representative because he does not qualify as a "consumer" entitled to bring suit for a FACTA violation since he paid for parking using his corporate credit card, rather than his personal debit or credit card. SP Plus contends that Savett's claims are based on a private right of action for FACTA violations under section 1681n(a) of the FCRA, which provides in relevant part that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer[.]" 15 U.S.C.A. § 1681n(a).

¶ 31    "FACTA defines 'consumer' as 'an individual,' thus limiting any private cause of action under § 1681n to natural persons, as opposed to artificial entities." *Shurland v. Bacci Café & Pizzeria on Ogden Inc.*, 259 F.R.D. 151, 161 (N.D. Ill. 2009) (quoting 15 U.S.C.A. 1681a(c)). "Although the FACTA does not limit the violation to consumers or individuals, the FCRA, through which FACTA violations are prosecuted, plainly does." *Keller v. Macon County Greyhound Park, Inc.*, No. 07-CV-1098, 2011 WL 1085976, at *7 (M.D. Ala. March 24, 2011).

¶ 32    SP Plus argues that Savett is not a "consumer" as required by FACTA. In support of this argument, SP Plus cites the decision in *Pezl v. Amore Mio, Inc.*, 259 F.R.D. 344 (N.D. Ill. 2009). In *Pezl*, the plaintiff used a business credit card to make a purchase at a restaurant and received a computer-generated receipt displaying more than five digits of his credit card number. *Pezl*, 259 F.R.D. at 345. Plaintiff sued the restaurant owners for violating FACTA's receipt-truncation provision.

¶ 33    The district court subsequently denied plaintiff's Rule 23(a) motion for class certification, finding that plaintiff failed to meet the rule's typicality requirement. A plaintiff's claim is typical under the rule if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." *Beringer*, Nos. 07 C 5027, 07 C 5119, 2008 WL 4390626, at *2 (quoting *De LaFuente v. Stokely-Van Camp, Inc.*, 713 F. 2d 225, 232 (7th Cir. 1983)).

¶ 34    The *Pezl* court determined that plaintiff's claims were not typical of the proposed class because he made his purchase using a business credit card. The court held that the "typicality requirement" was not met because plaintiff's "transaction involved a business credit card, which creates a unique defense." *Pezl*, 259 F.R.D. at 348. The court noted that section 1681n of the FCRA provides a private right of action to consumer cardholders, not business entities. *Id*. at 347-48. The

court concluded that plaintiff was not entitled to relief under the FCRA because the "consumer" in the case was plaintiff's business, and not plaintiff. *Id*.

¶ 35    The trial court here considered the holding in *Pezl*, but declined to follow it, stating: "while only natural persons (and not business entities) may be plaintiffs in an action under Section § 1681n of FACTA, those natural persons may base their claim on a transaction using either a personal credit card or business credit card."

¶ 36    We agree with the trial court's ruling, which finds support in the cases of *Shurland v. Bacci Café & Pizzeria on Ogden Inc.*, 259 F.R.D. 151, 161 (N.D. Ill. 2009), and *Follman v. Village Squire, Inc.*, 542 F. Supp. 2d 816 (N.D. Ill. 2007).

¶ 37    In *Shurland*, the district court stated in part:

"FACTA's protections *** extend to holders of both business and consumer credit cards. *** FACTA defines 'consumer' as 'an individual,' thus limiting any private cause of action under § 1681n to natural persons, as opposed to artificial entities. [Citation.] Despite this limitation, isolating 'consumer' cardholders from entity cardholders is unlikely to prove insurmountable for class identification purposes, and in any event, should not bar class certification." *Shurland*, 259 F.R.D. at 160-61.

¶ 38    In *Follman*, the district court stated in part:

"It is of no moment that, inasmuch as a 'cardholder' might be an entity as opposed to an individual, § 1681c(g) protects a broader class than just consumers. Section 1681c(g) is 'clearly intended for the protection of consumers, even if it applies broadly to both individual cardholders and entity cardholders.' " *Follman*, 542 F. Supp. 2d at 819 (quoting *Leowardy v. Oakley, Inc.*, No. SACV 07-53 CJC, 2007 WL 1113984, *2 (C.D. Cal. Apr. 10, 2007)).

¶ 39    Although Savett paid for parking with a business credit card, the evidence demonstrates that his claims are typical of the class he seeks to represent. His claims, and those of the class, arise from the same practice of SP Plus electronically printing customer receipts displaying more than the last five digits of class members' credit or debit card numbers. In addition, Savett's claims are premised on the same legal theory as the claims advanced by class members, namely that the conduct of SP Plus constituted a willful violation of the FACTA. See *Beringer*, Nos. 07 C 5027, 07 C 5119, 2008 WL 4390626, at *2 (applying a similar analysis involving SP Plus, formerly known as the Standard Parking Corporation).

¶ 40    SP Plus argues that Michele Gerrits-Faeges is not an adequate class representative because there is no evidence that she ever received a noncompliant receipt, since she admitted that she did not retain a copy of the receipt. In addition, SP Plus points out that Gerrits-Faeges's deposition testimony is inconsistent with Savett's testimony concerning the last number of digits that were electronically printed on their respective receipts. We do not believe that either of these factors render Gerrits-Faeges an inadequate class representative.

¶ 41    First, any discrepancies between Gerrits-Faeges's deposition testimony and Savett's testimony about the last number of digits displayed on their respective receipts is not so material as to render Gerrits-Faeges an inadequate class representative. Inconsistencies between a plaintiff's deposition testimony and statements contained in other documents do not necessarily disqualify plaintiff from representing a proposed class. See *Kronfeld v. Trans World Airlines, Inc.*, 104 F.R.D. 50, 52 (S.D.N.Y. 1984).

¶ 42    Second, as for Gerrits-Faeges's failure to retain her receipt, it has been determined that "there are ample reasons for courts to certify a class without requiring members to provide a receipt. Imposing a receipt requirement would severely constrict consumer class actions where

most consumers do not keep receipts because the purchase price is low." *In re Kind LLC "Healthy & All Nat." Litig.*, 337 F.R.D. 581, 597 (S.D.N.Y. 2021)[1]. "Declining to certify classes when consumers are likely to lack proof of purchase 'would render class actions against producers almost impossible to bring.' " *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 407 (S.D.N.Y. 2015) (quoting *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 567 (S.D.N.Y. 2014)).

¶ 43    SP Plus next contends that plaintiffs have personal and business relationships with the class counsel, Daniel R. Karon, which renders them inadequate class representatives. According to SP Plus, Savett cannot adequately represent the interests of the class because he and Karon "are serial class action litigants who have collaborated together on a significant number of cases, switching roles back-and-forth as class counsel and named plaintiff." SP Plus argues that this pre-existing relationship between Savett and Karon raises ethical concerns and potential conflict-of-interest issues.

¶ 44    To support this argument, SP Plus relies on *Susman v. Lincoln American Corp.*, 561 F.2d 86, 95-96 (7th Cir. 1977), where the Seventh Circuit Court of Appeals affirmed a district court's determination that a proposed lead plaintiff was an inadequate representative due to an inherent conflict-of-interest. The case concerned two consolidated appeals. *Id*. at 87. In the first, the plaintiff, who was an attorney, was represented by an attorney from the same law firm. *Id*. at 94. In the second, the attorney was the class representative's brother. *Id*. at 95. There are no similar facts in the instant case. *Susman* is factually distinguishable.

¶ 45    Savett's past relationship with Karon "appears to be limited to representation in other matters." *Armes v. Shanta Enterprise, Inc.*, No. 07 C 5766, 2009 WL 2020781, at *4 (N.D. Ill. July 8, 2009). Unlike *Susman*, "there is no evidence that [Savett] has a familial or business relationship

---

[1]The proposed class was subsequently decertified. *In re Kind LLC "Healthy & All Nat." Litig.*, 627 F. Supp. 3d 269, 274 (S.D.N.Y. 2022).

with [Karon] outside of their attorney-client relationship." *Id*.

¶ 46    We also disagree with SP Plus's contention that Gerrits-Faeges is an inadequate class representative because of her friendship with Karon, or the fact that their children attended school together. We do not believe this has any bearing on Gerrits-Faeges's ability to adequately represent the interests of the class. Mere friendship between a class representative and class counsel does not necessarily render the representation inadequate. See *In re Toys "R" Us – Delaware, Inc. – Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 300 F.R.D. 347, 372-75 (C.D. Cal. 2013).

¶ 47    In sum, we hold the trial court did not abuse its discretion in finding that Savett and Gerrits-Faeges are adequate class representatives as required by section 2-801(3). In addition, we find that class counsel is qualified to represent the interests of the proposed class.

¶ 48                                D. Numerosity

¶ 49    SP Plus finally contends that the proposed class is overbroad and thus fails the numerosity requirement because it includes:

> "[E]very single credit or debit card parking transaction at the Cleveland Airport Parking Facility during the purported class period, regardless of: the location where the transaction occurred; the type of equipment and software used in the transaction; whether an electronically printed receipt was provided; whether any such receipt printed more than the last five digits of the card number; and whether the parking patron was a 'consumer' or a business."

¶ 50    Contrary to SP Plus's contentions, the record shows that plaintiffs based their numerosity figure on "[a]ll people who, from February 17, 2015 to May 19, 2016, paid for parking at the main parking deck at Cleveland Hopkins Airport using a credit card or debit card." The trial court

determined that plaintiffs established the required numerosity as their motion for certification identified "more than 40 members." Our court has found that " '[i]f the class has more than forty people in it, numerosity is satisfied.' " *Wood River Area Development Corp. v. Germania Federal Savings & Loan Ass'n*, 198 Ill. App. 3d 445, 450 (1990) (quoting Miller, *An Overview of Federal Class Actions: Past, Present, and Future*, Federal Judicial Center, at 22 (1997)).

¶ 51    Plaintiffs are not required to demonstrate a precise figure for the class size, as a good faith, nonspeculative estimate will suffice. *Cruz v. Unilock Chicago, Inc.*, 383 Ill. App. 3d 752, 771 (2008). What is required is that plaintiffs demonstrate "that the class is sufficiently numerous to make joinder of all of the members impracticable." *Id*. In this case, plaintiffs identified over forty potential class members, and therefore, we find that the trial court did not abuse its discretion in concluding that the proposed class satisfied the numerosity requirement.

¶ 52    Here, the trial court properly found that all four requirements for maintaining a class action under section 2-801 of the Code - numerosity, commonality, adequacy of representation, and appropriateness - were satisfied. The proposed class is ascertainable and thus appropriate for class certification where class membership is limited to individuals who paid for parking at the main parking deck of the airport using a credit card or debit card during the relevant time period. SP Plus's alleged conduct in printing receipts that failed to comply with the statute's truncation requirements created common questions of fact and law, satisfying the commonality requirement. The evidence demonstrates that Savett and Gerrits-Faeges are adequate class representatives as they are sufficiently knowledgeable about the action and their claims do not conflict with the claims of other proposed class members. And finally, the proposed class satisfies the numerosity requirement for class certification where the trial court determined that the proposed class contained "something smaller that 483,817 (the number of parking

15

transactions) *** [but] well more than 40 members.”

¶ 53                               III. CONCLUSION

¶ 54    For the foregoing reasons, we affirm the trial court's decision certifying the lawsuit as a class action.

¶ 55    Affirmed.